UTILITIES INSURANCE COMPANY V. J. T. MONTGOMERY.

No. 7482. Decided April 17, 1940.
(138 S. W., 2d Series, 1062.)

641

*Orgain, Carroll & Bell* and *John G. Tucker,* all of Beaumont, for plaintiff in error.

All parties having been notified prior to the filing of the suit by Montgomery v. Smith that the insurance policy did not cover the injuries received by Montgomery and that liability was therefore denied as to him and the suit having been defended under a non-waiver agreement executed for a valuable consideration, the insurance company did not waive such conditions and exclusions nor was it estopped to assert the same in this suit upon said insurance policy. Myers v. Continental Casualty Co., 12 Fed. (2d) 52; Fidelity & Casualty Co. v. Stewart Dry Goods Co., 208 Ky., 429, 271 S. W. 444; 5 Couch Cyc. of Insurance Law, Cum. Supl. 127; 81 A. L. R. 1383.

*J. T. Lindsey,* of Port Arthur, and *C. A. Lord,* of Beaumont, for defendant in error.

The insurance company, having assumed to have a direct interest in the suit of Montgomery v. Smith and in taking charge of and defending said suit and employing attorneys for that purpose and treated defendant in that suit as an assured in the insurance policy in suit here, is bound and liable for the satisfaction of the judgment rendered in that suit and upon which the present suit is brought to the same extent as the defendant Smith was liable, and the insurance company is now in no position to deny such liability. American Ind. Co. v. Fellbaum, 114 Texas 127, 263 S. W. 908; Automobile Underwriters v. Murrah, 40 S. W. (2d) 233; Dallas Coffee & Tea Co. v. Williams, 45 S. W. (2d) 724.

*Touchstone, Wight, Gormley & Price, Robertson, Leachman, Payne, Gardere & Lancaster* and *Dexter Hamilton,* all of Dallas, *H. F. Montgomery, Edward W. Clark* and *William P. Hamblen,* all of Houston, *Paul H. Brown,* of Harlingen, *Joe B. Corrigan* and *Clayton L. Orn,* both of Fort Worth, *Allen V. Davis,* of Corpus Christi, *James A. Farley,* of San Antonio, *J. A. R. Moseley,* of Texarkana, *Charles F. Potter,* of Tyler, *Dallas Scarborough,* of Abilene, *F. O. Senter, Jr.,* of Marfa, *John F. Sheehy,* of Waco, and *Geo. A. Wheeler,* of Beaumont, filed briefs as amici curiae.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by J. T. Montgomery, defendant in error, against Utilities Insurance Company, plaintiff in error, to recover the amount of a final judgment theretofore rendered in favor of Montgomery against Clarence Smith for damages on account of personal injuries sustained by Montgomery in a collision between a Dodge truck in which he was riding and which was being driven at the time by Smith, and an automobile traveling on the highway. In the instant suit judgment was rendered in the trial court that Montgomery take nothing. The Court of Civil Appeals reversed the trial court's judgment and rendered judgment in favor of Montgomery against the Insurance Company for the full amount of his judgment against Smith. 117 S. W. (2d) 486.

The truck which Smith was driving belonged to Jefferson County. Smith was an employee of the county and was authorized to drive the truck. At the time of the collision there was in force an indemnity policy, sometimes called a public liability policy, issued by the Insurance Company to the County Judge of Jefferson County. The policy contained a clause which

extended the coverage to the truck in question and to any person operating same with the permission of the county. The policy also provided that the Insurance Company would investigate all accidents and claims under the policy and would defend, in the name of and on behalf of the county, all suits thereon, even if groundless, of which notice was given to it as required.

Montgomery was an employee of the county and, as such, was exempted from the coverage of the policy. As we understand the record, it is not contended by Montgomery in this suit that under the evidence offered below upon the trial of this case he was covered by the policy. For a statement of his theory we here quote the sole proposition contained in his brief filed in the Court of Civil Appeals. It is as follows:

"The defendant insurance company having, and itself assuming to have, a direct interest in the former suit—that is, the suit of J. T. Montgomery v. Clarence Smith—,it took sole charge of the defense and undertook to and did defend said suit so brought against Clarence Smith, and did itself employ and pay attorneys, who conducted such defense for it in the name of Clarence Smith, the defendant in the suit, and did in all respects treat the said Clarence Smith as the assured in the insurance policy in question here and as subject to liability to the plaintiff in that suit for the negligence alleged therein; it is therefore bound and liable for the satisfaction of the said judgment in this case now sued on to the same extent as Clarence Smith himself is liable, and it follows that the plaintiff in the present suit is entitled to judgment against the defendant here in the sum of $3,000.00, which is the amount of the former judgment, remaining unsatisfied."

Shortly after the collision Montgomery's attorney notified the Insurance Company that the claim had been placed with him, and that an investigation had disclosed that the accident was within the coverage of the policy and in the same notice he demanded compensation. The Insurance Company. denied that these injuries came within the coverage of the policy, and all parties were notified of such denial prior to the filing of the suit of Montgomery against Smith. Notwithstanding the Insurance Company's denial of coverage, it employed attorneys and defended the suit of Montgomery v. Smith. Before doing so, however, it entered into a contract with Smith, known as a non-waiver agreement, by the terms of which it was stipulated, in substance and effect, that, by defending the suit, it did not waive its right to rely upon each and every

provision of the policy, and did not agree to pay any judgment that might be rendered in the case. It was further stipulated that its acts in defending the suit should not operate as an estoppel against the Insurance Company to rely upon any of the provisions or exclusions of the policy.

It thus appears that Montgomery is seeking a judgment against the Insurance Company upon a risk never assumed by it. If his right to do so is upheld, it must be upon some sound legal principle. The only three principles suggested either in the opinion of the Court of Civil Appeals or in the briefs and argument of counsel are, first, res adjudicata, second, estoppel, and, third, waiver.

■ It seems obvious that liability cannot be predicated against the Insurance Company on the theory of res adjudicata. To hold such a principle applicable would be to make it liable for the entire amount of the judgment against Smith, even though it should exceed the amount named in the policy. The issue involved in this case was not, and could not have been, litigated in the case of Montgomery v. Smith. The Insurance Company was not a party to that suit, and could not have been made a party thereto over its objection. Kuntz v. Spence (Com. App.) 67 S. W. (2d) 254; Moxon v. Ray (Com. App.) 81 S. W. (2d) 488; Grasso v. Cannon Ball Motor Freight Lines (Com. App.) 81 S. W. (2d) 482.

■ Liability cannot be predicated against the Insurance Company on the principle of estoppel. The elements of estoppel are not present. The Insurance Company did not deceive or mislead Montgomery or cause him to alter his position to his injury. Presumably Montgomery was awarded judgment against Smith for the full amount of his damages, including damages for delay. Montgomery, who claimed that the risk was covered by the policy, could not have been mislead by the act of the Insurance Company in defending the suit. Under his theory that the policy covered the risk, it was its duty to defend it for Smith. We do not pass upon the question of whether, absent the non-waiver agreement, there might have arisen an estoppel as between the Insurance Company and Smith, but we do hold that under this record liability to Montgomery was not created by estoppel.

■ Neither can liability be predicated upon the ground of waiver. The Insurance Company has not voluntarily surrendered any known right. On the contrary, it has expressly stipulated in writing against such surrender. We approve the holding of

the Fort Worth Court on this question in City of Wichita Falls v. Travelers Ins. Co., 137 S. W. (2d) 170.

■ But it is now claimed that the non-waiver agreement was void and should, therefore, be disregarded. The ground of such claimed invalidity is that, by its terms, the Insurance Company contracted to engage in the practice of law contrary to the statute. Vernon's Texas Penal Code, Art. 430a. The article referred to is long and will not be copied here. It defines at great length the offense of unlawfully practicing law. It seems clear to us that the non-waiver agreement falls well within this provision of the article.

"And provided, further, that nothing herein shall prohibit any Insurance Company from causing to be defended, or prosecuted, or from offering to cause to be defended, through lawyers of its own selection, the insureds or assureds in policies issued or to be issued by it, in accordance with the terms of such policies * * *."

Clearly in this case the Company was not an intermeddler. It had some contingent interest to protect. While it claimed then, as now, that no liability could attach to it, yet it did not have a judicial determination of that issue for its protection. Montgomery was claiming that the risk fell within the coverage of the policy, and the non-waiver agreement should be considered in the light of the facts and circumstances as they then existed. Thus viewed the Insurance Company was seeking to protect its own interests rather than those of Smith. It was not unlawfully practicing law.

Much reliance is placed upon the case of American Indemnity Co. v. Fellbaum, 114 Texas 127, 263 S. W. 908, 37 A. L. R. 633. Before pointing out the real question presented in that case and the disposition made thereof by this Court, we direct attention to the fact that the injured third party was not a party to that suit, and the further fact that here was no non-waiver agreement involved. Those facts alone disclose that there are material distinctions between that case and the instant case. However, we deem it advisable to make a further statement regarding that case. It was a suit by the administrator of the insured after judgment had been rendered against the estate in favor of a third party. There was no question but that the risk fell within the coverage of the policy. The question was whether or not the insured could maintain a suit against the Insurance Company until he had paid off the judgment. One of the provisions of that policy, known as Subdivision "L," was:

"No action shall lie against the company for any loss or expense under this policy, unless it shall be brought for loss or expense actually sustained *and paid* in satisfaction of a final judgment, within ninety day's from the date of said judgment and after trial of the issue." (Italics ours.)

The administrator claimed that he had paid the judgment and, therefore, had the right to maintain suit. The Insurance Company claimed that the administrator had not, in fact, paid the judgment, and took the position that, under the provisions of Subdivision "L," he had no right to maintain the suit. It appeared that the administrator had not really paid the judgment. The question for decision was, therefore, whether he could maintain the suit, a very different question from that before us. This Court upheld his right to do so. Subdivision "B" of the policy there construed provided that "the company, at its own expense, will settle or defend said suit whether groundless or not." The word "defend," as used in that setting, was held to mean successfully defend. It was concluded, therefore, that by the terms of Subdivision "B" the Insurance Company obligated itself to pay, to the limit of its liability as named in its policy, any judgment that might be rendered against the insured. Having held that the Insurance Company had entered into that character of obligation in Subdivision "B," it was further held that the provisions of Subdivision "L" were inconsistent therewith, and that they had been waived.

The construction which has been placed upon that opinion by some of the courts was probably brought about by the fact that in one paragraph thereof it was stated that it appeared that the judgment might have been binding upon the Insurance Company under the general rule, that is, under the rule of res adjudicata. That was suggested as a probable additional ground for upholding the judgments of the lower courts. Under decisions of this Court cited above, rendered since the Fellbaum case, it could not now be held, with any degree of consistency, that the doctrine of res adjudicata has application, since insurance companies cannot properly be made parties to suits of the nature of the instant one.

The policy in this suit does not contain language like subsection "B" of the policy in the Fellbaum case. The obligation in this policy is:

"The Company will investigate all accidents and claims covered hereunder, and defend in the name and on behalf of the Assured all suits thereon, even if groundless, of which notices

are given to it as hereinafter required; * * * but the Company reserves the right to settle any such claim or suit."

■ Clearly the word "defend" as there used should be construed not as an absolute obligation to defend successfully, but as an obligation to contest the suit to a final judgment.

We do not deem it necessary to discuss the various opinions of courts of civil appeals relied upon to support the judgment of the Court of Civil Appeals in this case. It is sufficient for the purpose of this opinion to point out that in none of those cases was the suit by a third party against an insurance company which defended under a non-waiver agreement with the insured. After mature consideration we are well convinced that under no sound principle of law could the non-waiver agreement in this case be disregarded and a liability never assumed by the Insurance Company be thereby imposed upon it.

It is accordingly ordered that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court April 17, 1940.