**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Florencio HINOJOSA, Individually, et al., Appellees.**

**No. 4105.**

Court of Civil Appeals of Texas.

Waco.

May 9, 1963.

Rehearing Denied May 31, 1963.

**934**

Hicks, Dollahon & Wohlt, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Sam W. Davis, Jr., Houston, for appellees.

WILSON, Justice.

This action was brought on behalf of a workmen's compensation carrier and an injured employee, Hinojosa, as judgment creditors of Yeary, appellant's insured under an automobile liability policy. Efforts to collect the judgment from Yeary being fruitless, judgment was recovered from appellant on the policy issued to Yeary. That judgment was reversed, State Farm Mutual Auto. Ins. Co. v. Hinojosa, Tex.Civ.App., 346 S.W.2d 914, and the cause remanded. The present appellees did not apply for writ of error; but State Farm, contending judgment should have been rendered, applied for a writ which was denied. It was there held that State Farm, having obtained a nonwaiver agreement from Yeary, did not waive Yeary's delay in reporting the accident in which Hinojosa was injured by its investigation.

At the re-trial resulting in the present appeal an issue was submitted inquiring whether State Farm's "handling of the de-fense" of the subrogation suit by the compensation carrier against Yeary (Yeary v. Hinojosa, Tex.Civ.App., 307 S.W.2d 325, writ ref. n. r. e.), constituted a waiver of Yeary's late reporting of the accident. The jury answered the issue in the affirmative. Appellant asserts error in the overruling of its motions for peremptory instruction and for judgment non obstante veredicto on the ground there is no evidence to support a determination of waiver. We agree.

The compensation carrier's subrogation suit against Yeary to recover its payment to the employee for injuries in the automobile accident (Yeary v. Hinojosa, supra) was filed in June, 1954, some 15 months after Yeary executed the nonwaiver agreement referred to in the former appeal, 346 S.W.2d 914. This is the suit concerning defense of which the special issue required. The nonwaiver agreement in the former appeal did not mention defense of suit; it provided only that "investigation" should not waive policy rights. There is no evidence to show anything appellant did with reference to the claim from the time the nonwaiver agreement was signed until it received Yeary's citation in the 1954 subrogation suit, except investigate.

When citation was served on Yeary in 1954 it was delivered to State Farm, whose claims superintendent gave a letter to Yeary stating the case was being referred to its attorney for defense. The letter requested Yeary's cooperation, called attention again to late reporting of the accident in violation of policy conditions, and stated "we specifically reserve our right to deny coverage to you, and anyone claiming coverage under your policy, and the defense of this action by our attorney in your behalf is not to be considered a waiver of any policy defense which may be involved in this case". It noted the amount sued for was in excess of the protection afforded by the policy; "there may be personal liability on your part", and invited Yeary to procure attorneys of his own selection to represent him. The only subsequent conduct of appellant relied on is that it then defended the suit.

Yeary thereupon took the letter to his own attorney who continued to represent him actively, by employment, during the two-year course of the litigation, participating in preparation and trial; advising Yeary with full knowledge of the contents of the reservation of rights letter, and without protest or suggestion of dissatisfaction with the condition on which appellant defended the suit. Yeary and his counsel acquiesced in appellant's defense under the terms of the reservation of rights letter with full knowledge that State Farm undertook defense of the suit asserting it did not thereby waive rights under the policy. This attorney testified appellant's counsel defended the case "admirably, and did a good job"; that knowing the contents of the letter, "I wouldn't say we were not agreeable; neither would I say we were agreeable" to defense of the suit by appellant under its reservation of rights.

To raise the issue of waiver the evidence must warrant an inference that appellant "did or failed to do so something which is inconsistent with an intention to exercise its rights", New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56, 59, so as to show an intentional relinquishment of these rights. Texas & Pacific Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652, 656; Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74, 78; Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855, 865.

We find no fact or circumstance in this record which will support a reasonable inference that appellant, by its conduct in defending the 1954 suit, intended to relinquish its right to rely on the policy condition. On the contrary, its clear and positive intention was expressed by a specific reservation of that right, and a prompt notification to Yeary before undertaking the defense that it was not to be considered a waiver. The defense of the suit was not a waiver under the facts presented. 7A Appleman, Insurance (1962) Sec. 4694; 38 A.L.R.2d 1161, Sec. 6; 76 A.L.R. 169(5); 81 A.L.R. 1383; 45 C.J.S. Insurance § 714, pp. 686, 687; 7 Am.Jur.2d Secs. 171, 172, pps. 503–506; see Utilities Ins. Co. v. Montgomery, 134 Tex. 640, 138 S.W.2d 1062, 1064, 130 A.L.R. 178. Reversed and rendered.