**STONEWALL INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**Janie C. VILLARREAL,**
Defendant-Appellant.

No. 78–3105
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 19, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

George H. Spencer, San Antonio, Tex., for defendant-appellant.

Oster & Kaufman, Stanley M. Kaufman, Herbert Garon, Jr., Dallas, Tex., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

AINSWORTH, Circuit Judge:

In this Texas diversity action, Janie Villarreal appeals the district court's order granting the Stonewall Insurance Company's (Stonewall) motion for summary judgment. We affirm.

Stonewall is the carrier on an automobile insurance policy purchased by George Becerra. In December 1975, Becerra asked a friend, Jose Musquiz, to take an automobile covered by this policy to Musquiz's home, in Killeen, Texas, to examine for possible repairs. Becerra planned to pick up the car at Musquiz's home, but Musquiz drove it to San Antonio and was involved in a collision with Villarreal. Beginning in January 1976, Stonewall investigated the accident and conducted negotiations with Villarreal, who rejected a settlement offer in August 1976 and filed suit in Texas court, seeking damages for injuries allegedly sustained in the collision. Stonewall filed an answer and interrogatories in the state action on behalf of Musquiz. On September 8 and December 6, 1976, the company sent Musquiz letters reserving its rights under its policy with Becerra and on January 5, 1977, Musquiz signed a non-waiver agreement preserving Stonewall's rights under the policy and stipulating that any investigation or defense by the company did not constitute an admission of liability. Stonewall filed a complaint against Musquiz and Villarreal in the United States District Court for the Western District of Texas on January 13, 1977, seeking a declaratory judgment that it had no obligation under its policy with Becerra to defend Villarreal's state suit against Musquiz or to pay any resulting judgment. The company alleged that Musquiz drove Becerra's car without permission, so that under the terms of the policy "no insurance was in effect at the time" of the accident, and contended in the alternative that Musquiz failed to comply with various conditions of the policy regarding cooperation in securing evidence and forwarding to the company all legal process, thereby voiding whatever coverage had otherwise existed. On July 11, 1977, the court entered a default judgment against Musquiz and on August 22, 1978 granted Stonewall's amended motion for summary judgment against Villarreal, each time ordering that the company was under no obligation to defend or to pay any judgment resulting from the state court action.

Villarreal argues that the existence of several genuine issues of material fact made the lower court's grant of summary judgment improper. She first contends that there was a factual question whether Musquiz, at the time of the accident, was driving Becerra's car without permission. This assertion is meritless. Becerra said in a deposition that Musquiz "told me he was going on leave, I told him not to take the car, because I was going to use it myself" and added "I didn't know that he was going to take it to San Antonio, or anything like that, or I would not have loaned him the car." Moreover, Musquiz conceded when deposed that Becerra "gave . . . specific instructions to go pick up the car and

bring it home and that was it, period," and admitted having known that he was violating those instructions when he drove the automobile to San Antonio.

 Villarreal next contends that a factual issue existed regarding whether Stonewall waived its claim of noncoverage, but this argument is also without merit. Under Texas law, waiver requires that an insurer do or fail to do " 'something which is inconsistent with an intention to exercise its rights,' so as to show an intentional relinquishment of these rights." *State Farm Mutual Insurance Co. v. Hinjosa,* 367 S.W.2d 933, 935 (Tex.Civ.App.1963). No such "intentional relinquishment" occurred here, for shortly after learning that Villarreal had filed her Texas suit, Stonewall sent Musquiz a letter informing him that the company's activities respecting the accident and any consequent litigation did "not waive any of its rights or admit any obligations under the policy" and Musquiz subsequently signed a non-waiver agreement to that effect.

AFFIRMED.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.