## IN THE MATTER OF CAPPS.
(SUPREME COURT DISCIPLINARY NO. 243)

PER CURIAM.
Respondent Capps worked for Brown Transport Corporation while attending law school in Atlanta. Brown Transport is a trucking company operating under authority granted by the Interstate Commerce Commission.

Capps was admitted to the practice of law in June, 1979, and upon being admitted Capps was employed by Brown Transport as an attorney on a full-time basis and was paid a salary. Brown Transport's policy prohibits its full-time attorneys from practicing law part-time on the side. In September, 1980, Capps was expressly informed that Brown Transport would not allow him to engage in private practice while working for Brown Transport.

About November, 1980, Capps filed incorporation papers for a trucking company named Dixie-Carolina Express, Inc., naming himself as president. In December, 1980, Capps filed an application for operating authority for Dixie-Carolina with the ICC. The authority which Capps sought for Dixie-Carolina in the December, 1980, application was in direct competition with authority held by Brown Transport. In a verified statement in support of the December, 1980, application, in response to a request for information on affiliation with other carriers and persons affiliated with other carriers, Capps answered "none." Capps did not make full disclosure to or obtain consent, in writing or otherwise, from Brown Transport to represent Dixie-Carolina while employed by Brown Transport.

Following Brown Transport's discovery of Dixie-Carolina's ICC application, Capps resigned from Brown Transport in a letter dated January 16, 1981, effective February 6, 1981.

On January 22, 1981, Capps mailed an application to the ICC for operating authority for the Great American Trucking Company, Inc., which application was filed with the ICC on January 30, 1981. The authority sought in the Great American application was in direct competition with authority held by Brown Transport. Although his resignation was not effective until February 6, 1981, Capps did not give written notice to or get written consent from Brown Transport concerning his involvement with Great American and did not make full disclosure to or obtain consent from Brown Transport to represent Great American while still employed by Brown Transport.

Capps admits the foregoing facts and admits that as a result of the above-described conduct, he has violated Standard Nos. 4, 30, 35 and 36 of Bar Rule 4-102.

A lawyer employed full time by a corporation is nevertheless subject to the disciplinary rules of the State Bar. Such a lawyer, although he or she had but one client, owes to that client all the duties other lawyers owe to their clients. The respondent here is being disciplined not because he violated company policy but because he violated the State Bar's disciplinary rules. In assessing punishment, however, we note that most of respondent's violations related to his employer, Brown Transport.

Capps' prayer that he be suspended from the practice of law for

30 days was adopted by the special master. The State Disciplinary Board recommends, in addition to the 30-day suspension, that respondent Capps be publicly reprimanded. We approve the recommendation of the Board.

*Recommendation approved. All the Justices concur.*

DECIDED NOVEMBER 22, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.

David Capps, pro se.