## 39110. COSCIA v. CUNNINGHAM.

HILL, Chief Justice.

Dante Coscia sued Leonard Cunningham alleging that Cunningham had negligently operated an automobile so as to cause a collision resulting in certain injuries to plaintiff. Plaintiff sought $75,000 in damages from Cunningham.

Cunningham carries insurance with the Travelers Indemnity Company of America with a liability limit of $10,000. Cunningham contacted Travelers and Travelers arranged for Cunningham to be represented by attorney Oliver B. Dickins, Jr. Dickins filed an answer in which Cunningham denied any negligence. Plaintiff then filed a motion to disqualify attorney Dickins on the basis that: "At all times relevant to this motion, the said Oliver B. Dickins, Jr. was a full-time agent, servant and employee of an insurance company, having an indirect financial interest in the outcome of this case and was not an independent practicing lawyer." Plaintiff further alleged that: "In undertaking to represent the defendant Leonard G. Cunningham, while at the same time being a full-time employee and servant of said insurance company, said insurance company and Oliver B. Dickins, Jr. are in violation of [OCGA § 15-19-51 (Code Ann. § 9-402)] and other provisions of Georgia law prohibiting the practice of law by a corporation, other than a professional legal association or corporation." The trial court overruled the motion and certified its order for immediate review.

For purposes of deciding the motion, the parties had stipulated to certain facts, including the following: the insured (Cunningham) was advised by Travelers that the damages claimed exceed the policy limit and that he may wish to consider obtaining legal assistance to protect his uninsured exposure; Travelers is obligated by the policy to defend the suit, and under the policy Travelers has the right to settle; Travelers is not and could not be named a party in this suit;

Dickins is a member of the State Bar of Georgia, and his activities in this case constitute the practice of law; the insured has been advised by attorney Dickins and Travelers that Dickins is employed by Travelers to defend this suit, but the insured was not advised of the method by which Dickins is compensated by Travelers;[1] Dickins is a salaried attorney who works exclusively on matters assigned to him by Travelers and who receives no income for professional legal work from anyone other than Travelers; and all of Dickins' office expenses and fringe benefits, including group insurance and retirement benefits, are paid by Travelers.

The parties stipulated further that Dickins' type of employment is designated by Travelers as "Staff Counsel" while attorneys employed and compensated on a case by case basis are designated as "Panel Counsel"; that decisions regarding the settlement of cases are made by Travelers' Claim Department whether the attorney defending the case is Staff or Panel Counsel; and that "Travelers' relationship with Dickins with respect to Dickins' adherence to the Code of Professional Responsibility is no different from Travelers' relationship in that regard with other attorneys that it employs who are not salaried but are compensated on a case-by-case fee basis." Since plaintiff is arguing that attorney Dickins should be disqualified precisely because he is Travelers' staff counsel as opposed to panel counsel, it is apparent from this latter stipulation that this appeal does not raise any issue as to dual representation because both panel counsel and staff counsel owe duties to and therefore represent both the insurer and the insured.[2]

The sole issue here is whether attorney Dickins' representation of the insured violates OCGA § 15-19-51 (b) (Code Ann. § 9-402), which provides that: "Unless otherwise provided by law . . . it shall be unlawful for any corporation, voluntary association, or company to do or perform any of the acts recited in subsection (a) of this Code section [including, inter alia, to practice law for any person other than himself and to furnish legal services or attorneys]," or whether it falls within the exception to OCGA § 15-19-51 (Code Ann. § 9-402), supra, created by OCGA § 15-19-53 (Code Ann. § 9-403). Under the exception, OCGA § 15-19-53 (Code Ann. § 9-403), corporations are

[1] In this connection, see Kaudern v. Allstate Ins. Co., 277 FSupp. 83, 91 (D.N.J. 1967).

[2] For a discussion of conflicts of interest occasioned by the practice of having the same attorney represent the interest of the insurer and the insured, see "Developments in Georgia Law — Insurance," 13 Ga. L. Rev. 850, 973-1013 (1979).

not prohibited from "employing an attorney or attorneys in and about their own immediate affairs or in any litigation to which they are or may be a party." Travelers is not a party to the suit in issue. Thus the question becomes: Does the activity of furnishing an attorney to an insured by an insurance company using "staff counsel" (a salaried full time employee of the insurance company) to defend a suit covered by a policy issued by the insurance company, constitute activities "in and about" the insurance company's "own immediate affairs"?

Clearly, defense of the suit up to the policy limit of liability constitutes defense of the insurance company's "own immediate affairs" and, presumably, this question would not arise if the recoverable damages were within the policy limit of liability.

By the thrust of his motion and argument, plaintiff impliedly concedes that an insurance company's use of "panel counsel" to defend its insureds where the damages sought exceed the policy limit would not constitute a violation of law even though some "panel counsel" may derive a substantial income from frequent and regular representation of an insurance company.

The insurance company is obligated by the policy both to defend the insured and to pay judgments to the extent of the coverage under the policy. No challenge to the provision requiring the insurance company to defend the insured is made. Although no case holding directly on point has been found, we conclude that, given these policy provisions, the defense of the suit is within the purview of the insurance company's immediate affairs. See Strother v. Ohio Casualty Ins. Co., 28 Ohio Abs. 550, 553 (Comm. Pleas Ct. 1939); Utilities Ins. Co. v. Montgomery, 138 SW2d 1062 (Tex. Comm. of App. 1940), adopted by Supreme Court, 138 SW2d at 1065; see also ABA Opinion No. 282 (1950).

The Supreme Court of Florida, in In re Rules Governing the Conduct Of Attorneys In Florida, 220 S2d 6 (1969), refused to adopt an amendment to its rules which would have prohibited "house counsel" for insurance companies from representing their insureds. The Florida Court found no basis for distinguishing between the duties of "house counsel" and "particular case, special fee" counsel.

In Joplin v. Denver-Chicago Trucking Co., 329 F2d 396 (8th Cir. 1964), the court affirmed the trial court's overruling of plaintiff's motion to strike the defendant's answer filed by an attorney who was "house counsel" for the defendant's insurance company.

Plaintiff relies primarily on Boykin v. Hopkins, 174 Ga. 511 (4) (162 SE 796) (1931), a case which did not construe OCGA §§ 15-19-51, 15-19-53 (Code Ann. §§ 9-402, 9-403), or their predecessors, because that case arose before these laws were enacted although it was

decided after they were adopted. The *Boykin* court held that the trial court erred in refusing to enjoin the incorporation of a corporation being formed to engage in the general practice of law except in court. But *Boykin's* holding on this question can be summarized by quoting one sentence from the opinion: "A corporation can not itself practice law, nor can it lawfully do so by hiring an attorney to conduct a general law practice for others for pay, where the fees earned are to be and are received as income and profit by the corporation." Id. at 523. See also *Pearle Optical v. State Bd. of Examiners in Optometry,* 219 Ga. 364 (5, 6) (133 SE2d 374) (1963). The case before us is not within the rule announced in *Boykin* because Travelers is not conducting a general law practice for others for pay. Rather it is fulfilling contractual obligations which arise under the policy as well as defending its own interest in eliminating or limiting any recovery under the policy. This is within the exception announced in OCGA § 15-19-53 (Code Ann. § 9-403), supra, regarding a corporation's immediate affairs. That the insured has an equal or greater interest in the outcome of the litigation does not eliminate the insurance company's interest therein. Thus the trial court did not err by denying the motion to disqualify.

"Staff counsel" are subject to the Code of Professional Responsibility just as any other attorney, see *In the Matter of Capps,* 250 Ga. 242 (297 SE2d 249) (1982), and "staff counsel's" responsibilities may be more onerous because of his or her obligations to insured and insurer, but no issue is presented by this case as to nonperformance of "staff counsel's" responsibilities as attorney for the insured or as to the insurance company's responsibilities for the conduct of its employee as attorney for the insured. In particular, we note that no question exists here as to the applicability of the insurance policy to the plaintiff's claims in this case; i.e., coverage is not disputed.

In view of our finding that OCGA § 15-19-53 (Code Ann. § 9-403), supra, permits the activity considered here, we need not reach the insurance company's equal protection argument against a contrary statutory construction.

*Judgment affirmed. All the Justices concur, except Clarke and Bell, JJ., who dissent.*

DECIDED JANUARY 28, 1983 —
REHEARING DENIED FEBRUARY 16, 1983.

Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Michael T. Bennett, for appellant.

*Kilpatrick & Cody, William B. Gunter, Everette L. Doffermyre, Oliver B. Dickins, Jr.,* for appellee.

*Alston, Miller & Gaines, G. Conley Ingram, Vickie Cheek Lyall,* amicus curiae.

CLARKE, Justice, dissenting.

In my view, the holding of the majority will deteriorate the professional nature of the law practice. It offends the public interest because it moves the relationship of the lawyer and his client a step away from being a personal relationship to being one which is purely commercial. "House counsel" in this case is undoubtedly acting "in and about" the insurance company's "own immediate affairs." The problem arises in that he is supposedly also acting in and about the insured's own immediate affairs. It is here that the possible seeds of conflict are sown and the prohibition against corporate practice of the law has been transgressed. We have repeatedly held that a lawyer can have only one master when he becomes involved in a legal matter. He is the trustee of his client's interest. It is my view that the majority holding in this case weakens the solemnity of this trust and I therefore dissent.

I am authorized to state that Justice Bell joins in this dissent.

ON MOTION FOR REHEARING.

On motion for rehearing, plaintiff contends that defense counsel's failure to fully disclose to the defendant counsel's relationship with Travelers (see text at footnote 1) constitutes violation of several ethical standards, thereby resulting in the unlawful practice of law by a corporation. (Hence, on motion for rehearing, plaintiff impliedly concedes that if such disclosure were made, Travelers would not be engaged in the unlawful practice of law.)

The alleged violations of ethics raised in the motion for rehearing should be addressed to the State Disciplinary Board as they do not change the fact that defense of this personal injury suit is within the purview of the insurance company's "own immediate affairs."

*Motion for rehearing denied. All the Justices concur, except Clarke and Bell, JJ., who dissent.*