**UNAUTHORIZED PRACTICE
OF LAW COMMITTEE,
Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE
COMPANY and Sean Martinez,
Appellees.**

No. 04–04–00184–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 8, 2004.

Rehearing Overruled Jan. 14, 2005.

Leland C. De La Garza, De La Garza & Wallace, P.C., James D. Blume, Blume & Stoddard, Dallas, for appellant.

James W. Walker and Katherine A. Moore, Melanie H. Sumrow, Walker Sewell LLP, Dallas, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

In this appeal, we are asked to determine whether Nationwide Mutual Insurance Company's use of company staff attorneys to defend insureds under liability policies is the unauthorized practice of law by the insurer. After the trial court resolved this issue in favor of Nationwide, the Unauthorized Practice of Law Com-

mittee filed this appeal, claiming the trial court erred by: (1) denying its plea to the jurisdiction; (2) denying its motion to transfer venue; and (3) determining the insurance company's use of company staff attorneys to defend insureds under liability policies is not the unauthorized practice of law by the insurer. We affirm.

## BACKGROUND

Nationwide employs staff attorneys to represent its insureds under liability policies. Nationwide's internal staff attorneys, like external counsel, are duly licensed attorneys. Staff attorneys, however, are salaried employees of Nationwide, they are not independent attorneys paid on a case by case basis.

Before filing this suit, Nationwide learned that the UPLC had sued Allstate Insurance Company in the 298th Judicial District Court of Dallas County, Texas, alleging that Allstate's use of staff attorneys to defend insureds under liability policies constitutes the unauthorized practice of law. After learning the UPLC was also investigating its use of staff attorneys, Nationwide filed a declaratory judgment action in federal court seeking, *inter alia,* "a declaration that there is no disciplinary rule, ethical opinion, or case law in Texas prohibiting an insurance company from using staff attorneys to defend its insureds."[1] A district court for the Northern District of Texas abstained from exercising its jurisdiction and dismissed Nationwide's declaratory judgment action.[2]

---

1. *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.,* 283 F.3d 650, 651 (5th Cir.2002). When Nationwide filed its declaratory judgment action, the UPLC terminated its investigation concerning Nationwide.

2. *Nationwide,* 283 F.3d at 652. The Fifth Circuit held that the district court did not abuse its discretion by abstaining from exercising its jurisdiction. *Id.* at 655.

Following the dismissal of its federal case, Nationwide and its managing trial attorney for its Texas operations, Sean Martinez, then filed a declaratory judgment action in the 131st Judicial District Court of Bexar County, Texas to determine whether an insurance company's use of staff attorneys to defend its insureds constitutes the unauthorized practice of law. Nationwide and Martinez also sought declarations that: Martinez's legal representation of Nationwide's insureds does not constitute the aiding and abetting of the unauthorized practice of law; section 81.101 of the Texas Government Code is unconstitutional; and section 81.101 of the Texas Government Code violates 42 U.S.C. section 1983. Both sides subsequently moved for summary judgment after the declaratory judgment action was filed.

About the time Nationwide filed its federal action, two other insurance companies, American Home Assurance Company and Travelers Indemnity Insurance Company, filed a declaratory judgment action in the 68th Judicial District Court of Dallas County, Texas, seeking a declaration that an insurance company's use of staff attorneys to defend its insureds is not the unauthorized practice of law. The 68th Judicial District Court ultimately held that the insurance companies engaged in the unauthorized practice of law when they used internal staff attorneys to represent their insureds. The Eleventh Court of Appeals, however, later reversed the 68th Judicial District Court's ruling, holding that the use of staff attorneys to represent insureds is not the unauthorized practice of law. See Am. Home Assurance Co. v. Unauthorized Practice of Law Comm., 121 S.W.3d 831, 833 (Tex.App.—Eastland 2003, pet. filed).

After the Eleventh Court of Appeals handed down its opinion, the 131st Judicial District Court of Bexar County held a hearing on the parties' motions for summary judgment. Following the hearing, the trial court granted Nationwide and Martinez's motion and denied UPLC's motion. The trial court's summary judgment order expressly declared Nationwide's use of staff attorneys to represent insureds is not the unauthorized practice of law. The trial court's order further declared that the legal representation of the interest of Nationwide's insureds by staff attorney employees, including Martinez, does not constitute the aiding and abetting of the unauthorized practice of law. Finally, the trial court's order rendered Nationwide and Martinez's state and federal constitutional claims moot.

## LACK OF A JUSTICIABLE CONTROVERSY

In its first issue, the UPLC claims the trial court erred by denying its plea to the jurisdiction because there was no real controversy between the parties. According to the UPLC, there was no controversy between the parties because the UPLC never fully investigated Martinez's or Nationwide's conduct or officially determined to file suit against them. Thus, because there was no "bona fide threat of interference" by the UPLC, the UPLC contends Nationwide and Martinez's lawsuit "is based on conjecture and is nothing more than a request for an impermissible advisory opinion." See State v. Margolis, 439 S.W.2d 695, 699 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.) (holding it was improper, in the absence of a bona fide threat of prosecution, to declare that the Texas antitrust laws would not be violated by a proposed scheme to avoid the laws requiring stores to close on one day every weekend).

In reviewing a trial court's ruling on a plea to the jurisdiction, we construe the pleadings in favor of the nonmovant and look to the nonmovant's intent. Tex.

*Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We are not required to look solely to the pleadings when deciding a plea to the jurisdiction; we may consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000). Whether a trial court has subject matter jurisdiction is a question of law subject to *de novo* review. *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

■■■ A declaratory judgment is available only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex.1995). "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interest and not merely a theoretical dispute." *Id.* A justiciable controversy need not be a fully ripened cause of action. *Tex. Dep't of Public Safety v. Moore*, 985 S.W.2d 149, 153 (Tex.App.—Austin 1998, no pet.). To confer jurisdiction, the fact situation must manifest the "ripening seeds of a controversy." *See id.* at 153–54. Ripening seeds of a controversy "appear where the claims of several parties are present and indicative of threatened litigation in the immediate future which seems unavoidable, even though the differences between the parties as to their legal rights have not reached the state of an actual controversy." *Id.* (quoting *Ainsworth v. Oil City Brass Works*, 271 S.W.2d 754, 761 (Tex.Civ.App.—Beaumont 1954, no writ)). "A declaratory judgment action does not vest a court with the power to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication." *Tex. Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846 (Tex.App.—Austin 2002, pet. denied).

In this case, Nationwide and Martinez's pleadings indicate that it is a practice of the insurance industry to use internal staff attorneys to defend insureds under liability policies. The pleadings further state that despite the commonality of this practice, the UPLC has withdrawn its implicit consent to utilize staff attorneys in this manner. At the hearing on the UPLC's plea to the jurisdiction, the parties introduced evidence relevant to the jurisdictional issue. Evidence was introduced that the UPLC had sued Allstate Insurance Company for using its staff attorneys to defend insureds and that the UPLC had initiated an investigation into Nationwide's use of its staff attorneys. It was further revealed that in a declaratory judgment action filed by American Home Assurance Company and Travelers Indemnity Insurance Company in the 68th Judicial District Court of Dallas County, the UPLC received a declaration that an insurance company's use of internal staff attorneys to defend its insureds constitutes the unauthorized practice of law.

As previously stated, "a court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Blue*, 34 S.W.3d at 555. Based on the pleadings and the evidence, it appears that a real and substantial controversy involving genuine conflict of interest existed in this case. The conduct of the UPLC combined with the judgment the UPLC obtained declaring an insurance company's use of staff attorneys to defend its insureds constitutes the unauthorized

practice of law undoubtedly raised uncertainty regarding the rights, status, and legal relations of the UPLC and any insurance company using internal staff attorneys to defend its insureds. Although the UPLC had not filed suit against Nationwide, it had filed suit against a similarly situated insurance company and had obtained a judgment adverse to two other similarly situated companies. We believe these facts manifest an actual controversy between the parties, or at the very least, manifest the "ripening seeds of a controversy." *See Moore*, 985 S.W.2d at 153. Thus, we hold the trial court properly denied the UPLC's plea to the jurisdiction. The UPLC's first issue is therefore overruled.

## IMPROPER VENUE

In its second issue, the UPLC contends the district court erred by denying its motion to transfer venue. Before trial, the UPLC filed a motion to transfer venue, seeking to move the case either to Dallas County, where Nationwide and Martinez first learned of the UPLC's position that the use of staff attorneys to defend insureds constitutes the unauthorized practice of law, or alternatively, to Travis County, where the UPLC is deemed to have its principal office. The UPLC argues the court's venue ruling constitutes reversible error.

 When reviewing a trial court's venue decision, we conduct an independent review of the entire record, including where applicable, the trial on the merits, to determine whether any probative evidence supports the court's venue decision. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993). We review the evidentiary record in the light most favorable to the venue ruling; however, no deference is given to the trial court's application of the law. *Id.* If there is any probative evidence support-

ing venue in the county where judgment was rendered, the judgment must be affirmed. *Id.; Beadle*, 907 S.W.2d at 471. If no such evidence exists, the judgment must be reversed. *Ruiz*, 868 S.W.2d at 758.

 This state's venue scheme divides venue into three categories: "general," "mandatory," and "permissive." *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 677 (Tex.App.—Austin 2003, no pet.). Plaintiffs are given the right to choose venue first; as long as the plaintiff files suit in a county of proper venue (i.e., the county is at least a permissive venue and no mandatory provision applies), the plaintiff's venue choice will not be disturbed. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 261 (Tex. 1994). If, however, the county to which transfer is sought is a county of mandatory venue, it is reversible error for the court to deny a party's motion to transfer. *Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex.1996). When a dispute is between two counties of permissive venue, transferring the case is improper. *Wilson*, 886 S.W.2d at 262. In cases involving disputes over permissive venue, the record is reviewed for any probative evidence that venue was proper in the original county of suit. *Id.*

 Here, it is undisputed that none of the mandatory or specific permissive venue provisions applies. Venue is therefore governed by the general venue rule contained in section 15.002(a) of the Texas Civil Practices and Remedies Code. *See Beadle*, 907 S.W.2d at 471 (declaratory-judgment action governed by general venue rule). Section 15.002(a)(1) provides that venue is proper in: the county where all or a substantial part of the events or omissions giving rise to the claim occurred; the county of the defendant's residence at the time the cause of action accrued if the

defendant is a natural person; the county of the defendant's principal office in Texas if the defendant is not a natural person; or the county in which the plaintiff resided at the time of the accrual of the cause of action if the other provisions are not applicable. TEX. CIV. PRAC. REM.CODE ANN. § 15.002(a) (Vernon 2002). In this case, we must determine whether there is any probative evidence to support the trial court's implied ruling that all or a substantial part of the events giving rise to this lawsuit occurred in Bexar County. *See id.* § 15.002(a)(1).

The record reveals that Nationwide and Martinez submitted an affidavit from Martinez when the UPLC filed its motion to transfer venue. In the affidavit, Martinez states Nationwide's principal staff attorney office is located in Bexar County, Texas. It further states that Martinez is the managing trial attorney for Nationwide's Texas Staff Attorneys. As managing trial attorney, Martinez holds the highest position among Nationwide's staff attorneys. According to Martinez, he manages the administrative matters and litigation for all of Nationwide's Texas operations from the principal office in Bexar County. Martinez further states that, as a staff attorney, he practices law and represents the interests of Nationwide's insureds in Bexar County. We believe such evidence supports the trial court's implied ruling that all or a substantial part of the events giving rise to the lawsuit occurred in Bexar County because it is the acts of Martinez and Nationwide's other staff attorneys in Bexar County that allegedly constitutes the unauthorized practice of law. Absent these acts, neither Nationwide nor Martinez would have any con-

cern regarding whether they were participating in the unauthorized practice of law.

The UPLC argues that the trial court should have transferred the case to Dallas County, the county where Nationwide and Martinez first learned of UPLC's position on the staff attorney issue. While it is true that a substantial part of the events giving rise to Nationwide and Martinez's claim arguably occurred in Dallas County, it is also true that venue may be proper in more than one county because a substantial part of the events or omissions giving rise to a claim may occur in more than one county. *S. County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 458 (Tex.App.—Corpus Christi 2000, no pet.). Because several different counties may be proper venue counties under section 15.002(a)(1), we cannot say the trial court erred by denying the UPLC's motion to transfer venue. A court is not obligated to determine the "best" venue for the cause of action; rather, the court need determine only whether a substantial part of the events or omissions giving rise to the claim occurred in the chosen venue. If a substantial part of the events or omissions giving rise to the claim occurred in the chosen venue, as is the case here, then the court's venue ruling must stand. The UPLC's second issue is therefore overruled.[3]

THE UNAUTHORIZED PRACTICE OF LAW

In its third issue, the UPLC claims the trial court erred by granting Nationwide and Martinez's motion for summary judgment and by failing to grant its motion for summary judgment because it believes an insurance company's use of internal staff attorneys to defend its insureds constitutes the unauthorized prac-

---

**3.** Because Bexar County is a proper venue for this case, we need not address the UPLC's alternative argument that the trial court should have transferred the case to Travis County.

tice of law. The standards for reviewing summary judgments are well settled. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When cross-motions for summary judgment are filed, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). The appellate court should determine all questions presented when the trial court grants one motion and denies the other. *Id.* The appellate court should render the judgment that the trial court should have rendered. *Id.* at 356–57.

■ In *American Home Assurance Co. v. Unauthorized Practice of Law Committee*, the Eleventh Court of Appeals was asked to determine whether the use of internal staff attorneys to defend insureds constitutes the unauthorized practice of law by the insurer. 121 S.W.3d at 835–36. The court held, consistent with the majority of state courts that have addressed the issue, insurance companies do not engage in the unauthorized practice of law by using staff attorneys to represent their insureds. *Id.* at 846. The UPLC argued in that case, as they do here, the State Bar Act, the Texas Business Corporations Act, and supreme court precedent prohibit an insurance company from using internal staff attorneys to defend insureds. *Id.* at 839–42. Our sister court, after thoroughly reviewing and analyzing the same case law and statutes that the UPLC raises in support of their contentions here, rejected the UPLC's contentions, explaining:

> Use of staff attorneys to represent insureds is not the unauthorized practice of law. As [*Utilities Insurance Co. v. Montgomery*, 134 Tex. 640, 138 S.W.2d 1062 (1940),] pointed out, the insurance company in providing an attorney to the insured is "seeking to protect its own interests." Even though the attorney

does represent the insured, the insurance company is not practicing law because of the company's direct financial interest in the litigation against the insured. There is no violation of TEX. BUS. CORP. ACT ANN. ART. 2.01B(2) because the purpose of an insurance company is to indemnify its insureds. The agreement to defend and pay attorney's fees is collateral to that purpose.

*Id.* at 845–46. We agree with the rationale enunciated by our sister court in *American Home Assurance Co.;* therefore, like the Eleventh Court of Appeals, we hold an insurance company does not engage in the unauthorized practice of law when it uses internal staff attorneys to defend its insureds. *See id.* at 846.

■ During oral argument, the UPLC expressed concern about the untenable position a staff attorney is placed in trying to serve two masters—the client (the insured), and the employer (the insurer). In practical effect, however, there is little difference between in-house staff counsel and outside retained counsel. In both situations the attorney may experience the tension of differing priorities of the insured and the insurer. Nonetheless, the attorney's duty to the client remains steadfast and surpasses any duty of loyalty owed to the employer. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 201 (Tex.2002) (holding that a lawyer's ethical duty to his client outweighed the lawyer's duty of loyalty to his employing law firm); *Employers Cas. Co. v. Tilley*, 496 S.W.2d 552, 558 (Tex.1973) (holding that when a conflict arises, the attorney, as the insured's legal representative, owes the insured unqualified loyalty). The tensions that may arise because of conflicting priorities are not necessarily an indication of unauthorized practice of law and can be resolved within the context of ethics decisions.

The UPLC also argued that even if we adopt our sister court's rationale in *American Home Assurance Co.*, summary judgment was nevertheless improper because the record indicates Nationwide uses its staff attorneys to defend insureds in litigation where it does not have a direct financial interest. The UPLC's argument, however, is not supported by the record. The record reveals that Nationwide's Texas Trial Division does not provide legal services for and is not otherwise retained by any entity other than the Nationwide group of wholly owned and controlled companies. The UPLC's third issue is therefore overruled.

### CONCLUSION

Under the facts presented in this case, we hold that a justiciable controversy was presented and the trial court properly exercised its jurisdiction. Likewise, because Bexar County is a proper county of permissive venue, the trial court properly denied the motion to transfer venue. Finally, we hold that Nationwide Mutual Insurance Company and Sean Martinez do not engage in the unauthorized practice of law through the use of staff counsel to represent the insureds of Nationwide and its wholly-owned and controlled companies. Accordingly, the judgment of the trial court is affirmed.