## UNAUTHORIZED PRACTICE OF LAW COMMITTEE, Petitioner,

v.

## NATIONWIDE MUTUAL INSURANCE COMPANY and Sean P. Martinez, Respondents.

No. 05–0130.

Supreme Court of Texas.

Sept. 26, 2008.

Rehearing Denied Oct. 22, 2008.

Leland C. De la Garza, Shackelford, Melton & McKinley, LLP, Dallas, James Donald Blume, Blume & Faulkner, PLLC, Richardson, TX, for Petitioner.

James W. Walker, Katherine Anne Moore, Walker Sewell LLP, Dallas, TX, for Respondent.

Stephen E. McConnico, Scott Douglass & McConnico, L.L.P., Austin, TX, for Amicus Curiae.

PER CURIAM.

Nationwide Mutual Insurance Co. and its managing trial attorney, Sean P. Martinez, sued the Unauthorized Practice of Law Committee for a "declaration that the employment of duly licensed staff legal counsel by Nationwide to represent the interest of its insureds, where the insurance company has a contractual obligation to defend and indemnify the insured, does not constitute the unauthorized practice of law under any Texas law," and for other relief. The trial court granted summary judgment for the plaintiffs, specifically granting the declaration sought, and the court of appeals affirmed. 155 S.W.3d 590, 599 (Tex.App.-San Antonio 2004).

In *Unauthorized Practice of Law Committee v. American Home Assurance Co.*, 261 S.W.3d 24 (2008), we held that

an insurer may use staff attorneys to defend a claim against an insured if the insurer's interest and the insured's interest are congruent, but not otherwise. Their interests are congruent when they are aligned in defeating the claim and there is no conflict of interest between the insurer and the insured.

Based on our decision in that case, we denied the Committee's petition for review in the present case. 51 Tex. Sup.Ct. J. 562 (Mar. 28, 2008).

The Committee argues in its motion for rehearing that the present case raises an issue not involved in *American Home*, namely, whether an insurer engages in the unauthorized practice of law by employing staff attorneys to represent its affiliates' insureds. The Committee has argued on appeal in this case that even if an insurer may employ staff counsel to represent its own insureds, it cannot represent its affiliates' insureds. The court of appeals rejected the argument on the grounds that there was no evidence that Nationwide provided legal services to insureds of "any entity other than the Nationwide group of wholly owned and controlled companies." But because the trial court did not address the issue in its judgment, it cannot be considered on appeal. Tex.R.App. P. 25.1(c).

Accordingly, the Committee's motion for rehearing is denied.