Kenneth BIGHAM and KNB Holdings,
Ltd., Plaintiffs,

v.

ENVIROCARE OF UTAH, INC., Khosrow B. Semnani, Charles A. Judd, and
Frank C. Thorley, Defendants.

No. CivA G–00–514.

United States District Court,
S.D. Texas,
Galveston Division.

Dec. 6, 2000.

Gerald John Galow, Watson Bishop et al, Austin, TX, for Kenneth N Bigham, plaintiff.

Kenneth Ross Citti, Citti & Associates, Houston, TX, for Envirocare of Utah Incorporated, defendant.

### ORDER OF TRANSFER

KENT, District Judge.

Plaintiffs Kenneth Bigham and KNB Holdings, Ltd. (collectively "Bigham") bring this action against Defendants Envirocare of Utah, Inc., Khosrow B. Semnani, Charles A. Judd, and Frank C. Thorley (collectively "Envirocare") seeking damages and injunctive relief for injuries allegedly sustained in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the common law. Now before the Court is: (1) Defendants' Motion to Dismiss or Transfer for Improper Ven-

ue, and (2) Defendants' 28 U.S.C. 1404(a) Motion to Transfer Venue, both filed September 18, 2000. For the reasons stated below, Defendants' 1404(a) Motion to Transfer Venue is **GRANTED**.

### I. MOTION TO DISMISS FOR IMPROPER VENUE

■ A RICO plaintiff may establish venue based upon either the general venue statute, 28 U.S.C. § 1391 or the special RICO venue provision in 18 U.S.C. § 1965(a). *See Toyota, Inc. v. Southeast Toyota Distribs., Inc.,* 784 F.Supp. 306, 319 (D.S.C.1992). In a civil action, such as this, where federal subject matter jurisdiction is not based solely upon diversity of citizenship,[1] questions of venue are governed by 28 U.S.C. § 1391(b), which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The RICO venue provision states that venue is proper against a person in any judicial district "in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

■ The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss an action where venue in that court is improper. *See* Fed. R.Civ.P. 12(b)(3). Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff

---

1. Plaintiffs assert in their First Amended Original Complaint that this Court has both federal question and diversity jurisdiction over this action.

to sustain venue. *See Seariver Maritime Fin. v. Pena*, 952 F.Supp. 455 (S.D.Tex. 1996); 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3826 (1986) ("There are cases holding that the burden is on the objecting defendant to establish that venue is improper. But 'the better view,' and the clear weight of authority, is that, when objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue."); *but see Bounty–Full Entm't, Inc. v. Forever Blue Entm't Group, Inc.*, 923 F.Supp. 950, 957–58 (S.D.Tex.1996). However, in the absence of an evidentiary hearing, a court should allow a plaintiff to carry this burden based upon setting forth facts that taken as true would establish venue. *Cf. Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.1994) (holding that when a court rules upon a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, "the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper."). The court should accept uncontroverted facts contained in plaintiff's pleadings as true and resolve conflicts in the parties' affidavits in the plaintiff's favor. *See id.* Thus, while a defendant need not affirmatively disprove all bases for the plaintiff's venue choice, the court will nevertheless give plaintiff every benefit of doubt in ascertaining what facts control its legal decision.

Plaintiffs make two arguments why venue is proper in Galveston under the general venue statute. First, Plaintiffs argues that the Southern District of Texas constitutes "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Second, Plaintiffs argue that Defendant Envirocare "resides" in this judicial district. 28 U.S.C. § 1391(b)(1).

 The analysis of whether or not venue is proper in a judicial district based upon the occurrence of a "substantial part

of the events or omissions" does not require the Court to decide if the Southern District of Texas is the best venue for a plaintiff's lawsuit. *See Seariver Maritime*, 952 F.Supp. at 459. Often, a lawsuit may allow for proper venue in more than one judicial district. *See id.* at 458–59. In determining whether or not venue is proper, the Court looks to the defendant's conduct, and where that conduct took place. *See Woodke v. Dahm*, 70 F.3d 983, 985–86 (8th Cir.1995). Actions taken by a plaintiff do not support venue. *See id.* at 985 (holding that the venue statute requires courts to focus not on the plaintiff's conduct but on the defendant's). Moreover, the fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district. *See id.* (rejecting the plaintiff's argument that the district where the effects are felt is valid venue).

 Plaintiffs in the present action set forth a litany of events or omissions that give rise to their claims under RICO and state common law. According to Plaintiffs, some of these events took place in the Southern District of Texas. Generally Plaintiffs argue that three classes of events allegedly occurred in this district. First, Plaintiffs contend that several illegal letters were written by Defendants and sent to persons in Houston, Texas, a part of this judicial district. Second, Plaintiffs recite several instances in which a Defendant personally or through a seeming agent allegedly approached persons in the Houston area and spread misinformation about Plaintiff Bigham and also harassed Bigham as well as third parties. Third, Plaintiffs contend that all of Defendants' conduct had its damaging effects on Plaintiff Bigham and his reputation in the Southern District of Texas.

 Only Plaintiffs' second class of behavior can clearly be considered a venue

contact.[2] However, Defendants' suggest that these events are somehow insignificant and cannot establish venue here. While the Court agrees that the overwhelming majority of Defendants' allegedly wrongful actions occurred outside the Southern District of Texas, the Court cannot hold that the events that did purportedly happen here are not "substantial." *See Setco Enters., Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir.1994) (holding that a court must ask "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts.") Accordingly, venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) .[3]

## II. DISCRETIONARY TRANSFER OF VENUE

■ Defendants alternatively seek a transfer to either the Austin Division or the Midland Division of the Western District of Texas based on 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this statute, the party seeking the transfer of venue bears the burden of demonstrating that the Court

should, in its sound discretion, transfer the action. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (noting that the decision to transfer a case rests exclusively within the sound discretion of the district court); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) (highlighting that the movant bears the burden of demonstrating that the action should be transferred).

■ When considering whether a transfer is warranted, the Court considers the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of pertinent books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum. *See, e.g., Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex.1996); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993); *Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441, 1443 (E.D.Tex.1992); *United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 682–83 (W.D.Tex.1986). Generally, a plaintiff's choice of forum is entitled to great deference. *See Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (discussing the importance of the plaintiff's choice of forum in light of the policies

---

**2.** As discussed above, the place where the effects are felt is not in and of itself a proper venue. *See Woodke*, 70 F.3d at 985; *Seariver*, 952 F.Supp. at 459. Moreover, as a corollary to this effects versus events distinction, a letter sent into a district is typically considered a venue contact in the district in which it was drafted not the district in which it was received. *See Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F.Supp. 306, 318 (D.S.C. 1992); *but see Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir.1992).

**3.** Plaintiff also argues that venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(1) because Envirocare, a Defendant, "resides" in this District. Because the Court has found venue to be proper pursuant to 28 U.S.C. § 1391(b)(2), it does not address this argument at length. Howev-

er, the Court feels that it must note that 28 U.S.C. § 1391(b)(1), by its own words, only applies when all defendants "reside in the same State." *Cf. Smith v. Fortenberry*, 903 F.Supp. 1018, 1020 (E.D.La.1995) (so holding with respect to the identical provisions in 28 U.S.C. § 1391(a)(1)). Plaintiffs have not even alleged, much less submitted evidence, that all these Defendants reside in the same state. Thus, this provision is inapplicable. Of course, under RICO, once a plaintiff establishes good venue over one Defendant based upon either RICO or the general venue statute, a court may bring all other defendants before it. *See* 18 U.S.C. § 1965(b). This provision for nationwide service of process, however, does not eliminate the need to first comply with one of the venue statutes.

underlying § 1404(a)); *United Sonics,* 661 F.Supp. at 683 (stating that the plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor").

██ Defendants maintain that this case should be transferred to the Western District of Texas primarily because: (1) the actions giving rise to this dispute occurred principally in the Western District of Texas; (2) there are many key non-party witnesses in the Western District of Texas. In response, Plaintiffs argue that this case should remain in Galveston in that: (1) Defendants have not overcome the deference traditionally accorded a plaintiff's choice of forum; (2) a transfer would merely shift witness inconvenience to the Plaintiffs; (3) a portion of the alleged wrongs in fact occurred in the Southern District of Texas; and (4) transfer would subject Plaintiffs to the possibility of delay and prejudice.

### A. Availability and Convenience of Witnesses and Parties

The Court has previously stated that the convenience of key witnesses ranks as among the most important of all factors in a motion to transfer venue. *See Continental Airlines,* 805 F.Supp. at 1396. In this dispute, Plaintiff alleges thirty-two separate RICO predicate offenses. The number of witnesses to these offenses is even more vast. Plaintiffs points out that several of their witnesses reside in and around Houston, Texas. However, these witnesses only seem to possess knowledge of at most three predicate offenses, those enumerated by Plaintiff as numbers six, seven and fifteen. On the other hand, both Plaintiff and Defendant implicitly agree that innumerable witnesses to many more of these predicate offenses reside in the Western District of Texas. Most of these witness in the Western District of Texas, moreover, are non-party witness, not under the control of either party and outside this Court's subpoena power. transferring this case to the Western District would assist both parties with gaining access to the many of the needed witnesses of Defendants' many alleged misconducts. The Court recognizes that to a degree, this may inconvenience some of Plaintiffs' stated key witnesses. However, on balance the Court finds that there is far more convenience to be gained by a transfer than by keeping this action in Galveston. Moreover, to the extent Plaintiffs are concerned about the convenience of key witnesses who reside in Houston, the Court is puzzled as to why Plaintiff did not choose to file this lawsuit in Houston where all these crucial individuals apparently reside. This factor supports transfer.

### B. Location of Counsel

Both parties have retained counsel in Houston. However, all parties have engaged counsel in Austin as well. In fact, it appears that Plaintiffs' lead counsel is located in Austin rather than in this District. Although this factor is not of primary importance, the Court does "give some weight to location of counsel if Plaintiff chooses local counsel to bring the suit." *Dupre,* 810 F.Supp. at 826. In this case, the factor is essentially inapposite.

### C. Location of Parties

When determining the relative conveniences of transfer, the Court also considers the residences of the parties in the action. In this action, Plaintiff Bigham does purport to reside in Galveston. The Defendants, however, are a Utah corporation and several non-Texas resident individuals. Because this Court generally gives deference to a Plaintiff's choice of forum, this factor supports venue in Galveston.

### D. Location of Books and Records

Neither party contends that the location of books and records is of paramount importance in this case, but to the extend they are relevant, the Court notes that none of the records are present in the

Galveston Division. Of course the records could be easily brought here, but they could also be brought to Austin. Accordingly, this factor supports neither maintaining nor transferring venue.

### E. *Location of the Alleged Wrong*

This factor can often be considered as one of the most important factors when evaluating a motion to transfer venue. Defendant stresses that the incidents giving rise to Plaintiffs' claims occurred overwhelmingly in locations outside the Southern District of Texas. The Court agrees that this case has little substantive connection with Galveston or the Southern District of Texas generally. In fact, the Court found it to be a very close question as to whether or not venue is even proper in this District. The meager "substantial" events that did occur in this District quite simply pale in comparison to the many allegedly illegal actions taken by Defendants in the Western District of Texas. The Court concludes, moreover, that the residents of the Galveston Division have no more than a passing interest in the outcome of this litigation. This factor strongly supports transfer.

### F. *Possibility of Delay and Plaintiffs' Choice of Forum*

Plaintiff's choice to litigate this case in the Galveston Division of the Southern District of Texas is entitled to great deference. *See United Sonics,* 661 F.Supp. at 683 (stating that the plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"). Furthermore, "[t]he possibility of delay or prejudice if the case is transferred will always play a large role in this Court's analysis." *Dupre,* 810 F.Supp. at 828. However, after balancing the other 1404(a) factors at arm's length, the Court finds that the evidence overwhelming supports a decision to transfer.

From a practical standpoint, transfer of venue out of the Galveston Division will not necessarily result in any unreasonable delay, as there are several able jurists in the Austin Division of the Western District of Texas available to reach the merits of this case. Moreover, to date little activity has occurred in this case, and the initial pretrial scheduling conference is not even set to occur for another month. Ordering a transfer, therefore, will not cause irreparable harm, nor will it prevent an expeditious and cost-efficient handling of the case.

Because Defendant has offered a number of compelling reasons that warrant transfer, the Court finds it appropriate for its colleagues in the Austin Division of the Western District of Texas to preside over this case. The residents of the Western District of Texas have an undeniably greater in this lawsuit than do the citizens of this division.

Having carefully considered this matter, the Court finds that this action overwhelming involves conduct and persons situated within the Western District of Texas. The vast majority of third-party witnesses to the conduct underlying this dispute fall outside this Court's subpoena power, instead residing in the expansive Western District of Texas. Moreover, for all practical purposes the place of the alleged injury in this case seems best characterized as the Western District of Texas: in Anderson County where this failed business venture sought to open a radioactive waste facility, and in Austin where much of the allegedly illegal lobbying activity took place. Texas is a big state, and this case has little connection to this small part of it. Therefore, the Court **ORDERS** that this action be **TRANSFERRED** to the Western District of Texas, Austin Division which seems a far better venue for this matter to be resolved.

### III. CONCLUSION

As discussed above, the Court has concluded that the Southern District of Texas is a proper venue for this action as a

**1052**

substantial part of the events giving rise to this action occurred within this District. However, it is overwhelmingly clear that this case bears little or no real connection to this judicial district, and even less connection to the Galveston Division. Plaintiffs have alleged that Defendants engaged in a far reaching scheme to prevent them from entering into competition in the radioactive waste disposal business. These actions by Defendants occurred primarily in the State of Utah, Austin, Texas and Anderson County, Texas, not in Galveston. Clearly, this action better belongs elsewhere. Therefore, the Court **ORDERS** that this action be **TRANSFERRED** to the Western District of Texas, Austin Division. All other pending motions are not reached by this Court.

**IT IS SO ORDERED.**