**LASERDYNAMICS INC., Plaintiff,**

**v.**

**ACER AMERICA CORP., and Acer Communications & Multimedia America Inc. Defendants.**

**Acer America Corp. and Benq Inc. Acer Communications & Multimedia America Inc. Third–Party Plaintiffs,**

**Cyberlink Corp., Intervideo, Inc., and Mediamatics, Inc., Third–Party Defendants.**

**No. CIV.A.H–01–1745.**

United States District Court, S.D. Texas, Houston Division.

Aug. 15, 2002.

Timothy N Trop, Trop Pruner et al, Houston, TX, for plaintiff.

Scott F Partridge, Baker & Botts, Paul R Morico, Baker Botts, LLP, Houston, TX, Warren J Krauss, Sedgwick Detert et al, James Yuanxin Li, Sedgwick Detert et al, San Francisco, CA, for defendants.

## MEMORANDUM AND ORDER

HOYT, District Judge.

## I. INTRODUCTION

This case concerns the scope of forum selection clauses and their relationship to Third–Party Practice promulgated under Rule 14 of the FEDERAL RULES OF CIVIL PROCEDURE. Before the Court is the third-party defendant Mediamatics Inc.'s ("Mediamatics") motion to dismiss pursuant to 12(b)(3), or transfer venue pursuant to § 1404. The Court has reviewed the papers on file and concludes that Mediamatics's motion to dismiss should be GRANTED.

## II. FACTUAL HISTORY

In May of 1998, Acer America Corporation and Benq Inc., ("Acer") and Mediamatics entered into a licensing agreement concerning DVD software. Pursuant to the agreement, Mediamatics licensed its DVD software to Acer, and promised to indemnify Acer for any patent infringement liability flowing from Acer's use of the DVD software. The Acer–Mediamatics agreement also contains a forum selection clause that mandates all disputes "arising under [the] Agreement" be litigated in the state and federal courts of California. In the cardinal action, the plaintiff, Laserdynamics Inc., is suing Acer, alleging patent infringement of its DVD software, listed as Patent No. 6,215,743. As a result, Acer impled Mediamatics in this action, seeking indemnity from any liability flowing from its underlying case against Laserdynamics concerning the DVD software. Mediamatics moves this Court to dismiss Acer's indemnity claim against it, arguing that the parties

contracted to litigate all matters arising from their contract in another forum.

## III. CONTENTIONS OF THE PARTIES

### A. Mediamatics's Contentions

Mediamatics contends that the Court should enforce the forum selection clause and dismiss the Acer's third-party action pursuant to 12(b)(3), because the agreement's forum selection clause controls Acer's indemnity claim against Mediamatics. Mediamatics maintains that Acer's indemnity claim "arises out of the agreement," because the contract itself must be interpreted to resolve the question presented. Therefore, the forum selection clause mandates that suits between the parties be litigated under the laws and courts of California. Mediamatics bulwarks this position by citing various United States Supreme Court and lower court authority for the proposition that forum selection clauses are presumptively valid. In light of the Supreme Court and lower court authority treating forum selection clause enforcement issues, Mediamatics opines that the forum selection clause is neither unreasonable nor overreaching, it does not violate public policy, and does not deprive Acer of its day in court. Further, Mediamatics notes that the parties are sophisticated international business entities that freely entered into the agreement.

As to the manner of disposition, Mediamatics opines that the Court is empowered to dismiss Acer's claim under 12(b)(3). In the alternative, Mediamatics argues that the Court should transfer the third-party claim to the appropriate federal court in California, pursuant to 28 U.S.C. § 1404(a).[1]

### B. Acer's Contentions

Acer argues that the parties' forum selection clause does not apply to its Rule 14 action here. Acer interprets the "disputes arising out of this agreement" language of

1. Rule 12(b)(3) and 28 U.S.C. § 1404(a) have been employed by courts to enforce forum selection clauses. *See International Software Sys. v. Amplicon, Inc.*, 77 F.3d 112, 113 (5th Cir.1996); *Lafargue v. Union Pacific Railroad*, 154 F.Supp.2d 1001 (S.D.Tex.2001). The Fifth Circuit has not squarely addressed the procedural method to dismiss cases on the basis on enforc-

ing a forum selection clause; however, in *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33 (5th Cir.1997), the Court affirmed the District Court's decision to dismiss a lawsuit that employed 12(b)(3) as its basis. Based on the rationale articulated below, the Court need not consider Mediamatics's alternative motion to transfer venue.

the forum selection clause to embrace only specific licensing or payment issues between the parties. Acer asserts that there is no dispute with Mediamatics as to any licensing or payment issues between the two parties. Instead, Acer maintains that its impleader is the natural consequence from the underlying patent case concerning Mediamatics's DVD software. From this, Acer concludes that the Laserdynamics lawsuit has nothing to do with the Acer–Mediamatics agreement. Acer goes on to note that Mediamatics has a "general obligation under the law" and the Uniform Commercial Code [2] to indemnify it in this case.

Second, Acer contends that the Court should employ its discretion to retain jurisdiction over Acer's third-party claim. Even assuming the forum selection cause applies, Acer opines, the forum selection clause is only one factor in the Court's consideration to transfer or dismiss this action. Acer maintains that when the Court examines collateral issues such as witness convenience and other factors of fundamental fairness, judicial economy principles should persuade the Court to deny Mediamatics's motion to dismiss. In reaching this result, Acer opines that the Court would avoid the apparent injustice of unduly burdening Acer to litigate the infringement liability issue from both sides-that is, defending against liability issue in this Court, while conversely attempting to establish that same infringement liability issue to buttress its indemnity claim against Mediamatics in California.

Lastly, Acer contends that the Court's retention of the indemnity claim is essential to preserve Acer's right to indemnity under the contract. Because of complexity of the case, and the potentially expensive cost of defending and litigating this action, Acer asserts that the Court should not dismiss or transfer the case, because doing so would constitute an undue burden upon Acer.

## IV. STANDARD OF REVIEW

*Motions to Dismiss Pursuant to Rule 12(b)(3)*

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) permits a defendant to move to dis-

miss an action on the basis of improper venue. *Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir.1995) *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir.1998); *Lipcon v. Underwriters at LLoyd's, London*, 148 F.3d 1285, 1290 (11th Cir.1998); *Psarros v. Avior Shipping, Inc.*, 192 F.Supp.2d 751, 752–53 (S.D.Tex.2002). The majority of the courts conform to the standard that once a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff. *McCaskey v. Continental Airlines Inc.*, 133 F.Supp.2d 514, 523 (S.D.Tex.2001); *Bigham v. Envirocare of Utah, Inc.*, 123 F.Supp.2d 1046, 1048 (S.D.Tex.2000). In the absence of an evidentiary hearing on the matter, courts will allow a plaintiff to carry the burden by establishing facts, taken as true, that establish venue. *McCaskey*, 133 F.Supp.2d at 523; *Bigham*, 123 F.Supp.2d at 1048; *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.1994). The Court will accept uncontroverted facts contained in the Plaintiff's pleadings as true, and resolve any conflicts in the parties' documents and affidavits in the Plaintiff's favor. *McCaskey*, 133 F.Supp.2d at 523. While a defendant need not affirmatively disprove all bases for a plaintiff's choice of venue, courts will provide the plaintiff the benefit of the doubt in ascertaining the controlling facts. *Id.*

## V. ANALYSIS

Federal law controls the Court's examination concerning the enforceability of a forum selection clause. *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir.1997). The United States Supreme Court has held that forum selection clauses carry a presumption of validity. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33 (5th Cir.1997). Opponents of a motion to enforce a forum selection clause may rebut the presumption by establishing that the clause is unreasonable-namely, that the clause is the synthesis of fraud or coercion. *Bremen*, 407

---

**2.** In its reply to this premise, Mediamatics points out that the relative U.C.C. provision applies in

absence of an agreement to indemnify. *See* CAL. COM. CODE § 2312(3) (West 2001).

U.S. at 12–13, 92 S.Ct. 1907. Unreasonableness in this context may be established if the motion-opponent proves either that the provision is the product of fraud or overreaching. Thus enforcement of the provision would violate a stout public policy, or "enforcement of the clause would deprive the plaintiff of his day in court." *Bremen*, 407 U.S. at 12–13, 92 S.Ct. 1907; *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974); *MacPhail v. Oceaneering Int'l Inc.*, 170 F.Supp.2d 718, 726 (S.D.Tex.2001).

■ In the instant case, Acer argues that the forum selection clause does not apply to its indemnity action against Mediamatics. In addition, Acer advances the position that the Court should narrowly construe the forum selection clause to cover only specific licensing or payment issues. The Court disagrees with Acer's interpretation of the forum selection clause. The relevant language of the forum selection clause provides: "Any dispute arising out of this Agreement shall be subject to the exclusive jurisdiction of the state and federal courts of California, and the parties hereby consent to the jurisdiction of such courts."

■ The word "arising" connotes and denotes an *origin* or genesis of a thing. It follows that the parties intended that those disputes that arise under the Acer–Mediamatics agreement be litigated in the manner proscribed by the forum selection clause. The Acer–Mediamatics agreement has "patent licensing" as its nucleus. In other words, the spirit of the Acer–Mediamatics agreement contemplates the rights and duties of the parties concerning the DVD software. If any right or obligation in the Acer–Mediamatics agreement is threatened or impaired by an act of the parties or their privities, that act gives rise to a dispute under the agreement.[3] *See Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222–23 (5th Cir. 1998). Moreover, Acer's arguments concerning systemic fairness do not carry its heavy burden to rebut the presumption of the forum selection clause's enforceability. *See M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). This contract was entered into by sophisticated global business entities, incorporated and licensed to transact business all over the world. The record establishes that the Acer–Mediamatics agreement was entered into freely and without coercion. Fairness, in this action, mandates enforcement of the Acer–Mediamatics agreement.

Acer has not met its "heavy burden" to rebut the presumption that the forum selection clause is reasonable. This contract is not the product of fraud or overreaching. The Court finds that enforcing the forum selection clause in this matter neither frustrates a stout public policy, nor deprives Acer of its day in court. Acer notes that our policy of "systemic integrity and fairness" warrants the Court's retention of Acer's third-party claim. The Court disagrees with Acer's use of that policy premise. Acer's third party claim is for indemnity. The indemnity claim is one that requires a condition precedent before the right is truly implicated: an adjudicative finding of liability upon the benefactor of the indemnity clause. *See* BLACK'S LAW DICTIONARY 772 (7th ed.1999).[4] Acer is free to litigate the indemnity issue once this matter is resolved or refile its claim in California upon the final judgment of Mediamatics's motion. Although Rule 14 permits defendants to implead parties that may be primarily or secondarily liable on the plaintiff's claim, the same Rule enables our federal courts with the necessary[5] discretion to avoid the potential pitfalls of complex multi-party litigation.

---

3. It must be noted that Acer cannot "have its cake and eat it too"-by arguing the inapplicability of the forum selection clause in its reply to Mediamatics's motion to dismiss while using the same clause as its basis for the lawsuit in its Third–Party Complaint.

4. BLACK's defines indemnity as "[a] duty to make good any loss, damage, or liability incurred by another."

5. Nor does this Court opine that Acer would suffer an undue financial burden by litigating this matter in its contract's forum subsequent to, or concurrently with, the instant case. If Acer is found liable in the underlying lawsuit, its indemnity right becomes a matter of contract interpretation by the California courts.

FED. R. CIV. P. 14; *see also Dery v. Wyer*, 265 F.2d 804 (2nd Cir.1959); *Florida East Coast Railway Co. v. United States*, 519 F.2d 1184 (5th Cir.1975). Hence, the Court exercises its discretionary authority to dismiss Acer's third-party action, pursuant to Rule 12(b)(3) of the FEDERAL RULES OF CIVIL PROCEDURE.

After weighing the validity of Acer's contentions, the Court finds no compelling justification to avoid enforcement of Acer's forum selection clause. To do otherwise would contravene the spirit of contract law. This Court has long adhered to the legal maxim, *pacta sunt servanda:* Agreements of the parties must be observed. This resolution also furthers a co-existing judicial policy goal that every party should be duly afforded the opportunity to address his disputes and independent grievances in a just manner. *See* FED. R. CIV. P. 1. Therefore, the Court finds that the forum selection clause of the Acer–Mediamatics agreement applies and should be enforced.

## VI. CONCLUSION

In light of the discussion above, and pursuant to the discretion allotted this Court by Rule 14 of the FEDERAL RULES OF CIVIL PROCEDURE, the Court GRANTS the Third–Party Defendant's motion to dismiss Acer's third-party indemnity claim against Mediamatics WITHOUT PREJUDICE.

It is so ORDERED.