# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00613-CV

Siemens Corporation; Siemens Aktiengesellschaft; Siemens Information and
Communication Networks, Inc.; Efficient Networks, Inc.; Siemens
Subscriber Network, Inc.; and George C. Nolen, Appellants

v.

Brice Bartek, James Pickering, and Russell Young, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. GN-401814, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Brice Bartek, James Pickering, and Russell Young ("appellees") worked for Efficient

Networks, Inc. ("Efficient") in Travis County as computer software engineers. In 2001, Efficient

was acquired by Siemens Corporation. As part of the acquisition, Siemens Corporation agreed to

create retention programs in an attempt to encourage former Efficient employees to continue working

for the new company by offering a series of bonuses. Because appellees did not receive the full

amount of bonuses they allege they were entitled to, appellees filed suit in Travis County against

Siemens Corporation, Siemens Aktiengesellschaft, Siemens Information and Communication

Networks, Inc., Efficient Networks, Inc., Siemens Subscriber Network, Inc., and George C. Nolen

("Siemens"). Siemens filed a motion to transfer venue to Dallas County, alleging that venue was

not proper in Travis County because it did not have a principal place of business in Travis County and because a "substantial part" of the events leading up to the lawsuit did not occur in Travis County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (West 2002). Further, Siemens argued venue was proper in Dallas County because Efficient's principal place of business was in Dallas and because Dallas was the locus of a substantial part of the events giving rise to the lawsuit. The district court denied Siemens' motion, and Siemens appeals that decision. We will affirm the order of the district court.

## BACKGROUND

Appellees are software engineers who worked for Efficient, a Delaware corporation with its principal office in Dallas, Texas. *See id.* § 15.001(a) (principal office is the "office of the corporation . . . in which the decision makers for the organization within this state conduct the daily affairs of the organization."). In 2001, Efficient was acquired by Siemens. None of the subsidiaries of Siemens involved in this case have their principal offices in Texas.

Prior to the acquisition, two of the appellees had worked for Efficient from their homes in the Austin area. The third appellee, Pickering, worked for Efficient in California. After Efficient was acquired by Siemens, Pickering was relocated to Texas, and all three appellees began working in Travis County in an office building that another subsidiary of Siemens was leasing.[1]

---

[1] Appellees allege they were instructed to begin working in the office building, but the director for Human Resources for Siemens stated in her affidavit that the office was rented solely for the convenience of the appellees.

2

As part of the proposed acquisition, Siemens adopted two employee retention programs to encourage Efficient employees to continue to work for the company after the acquisition. In February 2001, the chairman of Efficient wrote an email to all Efficient employees, including appellees, briefly describing these plans. The email stated that "substantial short term and long term incentive packages" were being created for Efficient employees. The email also stated that portions of the stock options originally offered to Efficient employees would be replaced with the retention programs.

After sending the email, the chairman also sent letters to appellees describing the retention programs in more detail and setting out the appellees' potential awards under the retention programs. Under the short term program, former Efficient employees who continued to work for Siemens would be issued two bonuses: the first occurred six months after the acquisition and the second occurred one year after the acquisition. The long-term program authorized the issuance of bonuses in the second and third years after the acquisition. The amounts awarded under the long-term program were based on individual and company performance measures. The letters further specified that formal documents regarding the retention plans would be finalized later and that the appellees would receive individual participation letters after the plan was finalized.

In April 2002, appellees were sent their individual participation letters specifying the maximum bonus they might be awarded and further clarifying the criteria upon which the awards would be based. Appellees were also given a copy of the formalized plan. Appellees were instructed to sign the letters and to mail them back to Siemens' human resources department to acknowledge

3

that they agreed to be bound by the terms of the retention programs. The appellees signed the letters and mailed them back to Dallas.

In their affidavits, appellees claim that, during their weekly staff meetings conducted over the telephone, the chairman told them that the retention programs would be in effect for three years, that the purpose of the programs was to retain Efficient employees after the acquisition, that Siemens would make bonus payments to eligible employees, and that all of the funds allocated to the retention programs would be distributed to eligible employees.[2] Appellees further stated that they relied on the representations made in the various emails and letters they received and on the representations made to them during their staff meetings: they stated that these representations were an important factor in their decisions to remain employed by Siemens after the acquisition.

Siemens awarded some retention bonuses to employees who had worked for Efficient, including appellees, but did not pay the full amount of the possible bonuses listed in the appellees' individualized letters. In response, the appellees filed suit against Siemens in Travis County in 2004, asserting many claims against Siemens including claims for fraud, fraudulent inducement, and breach of contract.[3] Although the specific allegations made by the appellees vary depending on the claim, the allegations can generally be described as follows: (1) Siemens made misrepresentations

---

[2] Appellees also assert that these same representations were made by the chairman at a company meeting in Frisco, Texas, in March 2001.

[3] Appellees also raised claims for negligent misrepresentation, fraud for false statements, fraud for omissions, negligence, wrongful interference with contractual relations, anticipatory repudiation, conversion, promissory estoppel, exemplary damages, and attorney's fees.

4

to the appellees regarding the retention programs, (2) the appellees relied on these misrepresentations and continued to work for Siemens, (3) Siemens induced the appellees into signing their individualized letters by assuring them that they would be awarded the bonuses previously promised, (4) Siemens never communicated its intent not to fully honor the retention programs, and (5) Siemens breached the terms of the retention programs.

Siemens moved to transfer this case to Dallas County, where another group of employees had filed suit against Siemens in 2002.[4] In its motion, Siemens asserted that appellees could not properly establish venue in Travis County under section 15.002(a) of the civil practice and remedies code because (1) Siemens did not have a principal office in Travis County and (2) Travis County is not the location of a substantial part of the events forming the basis of the lawsuit.[5] *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (venue should lie in county where "all or a substantial part of the events giving rise to the claim occurred" or in county "of defendant's principal office in Texas").

Appellees opposed the transfer and claimed that a substantial part of the events giving rise to their claims occurred in Travis County. The trial court determined that venue was proper in Travis County and denied Siemens' motion to transfer. Siemens appeals the order of the trial court.

---

[4] Prior to the appellees filing this lawsuit, the Dallas County Court granted a partial summary judgment in favor of Siemens.

[5] Siemens also moved for a transfer for convenience or for abatement or dismissal of the case, which the district court denied. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(b) (West 2002), § 15.003(a) (West Supp. 2005). However, none of these determinations are part of the present appeal.

## DISCUSSION

### Venue Framework

Before addressing the merits of Siemens' claims, we will review the framework governing venue determinations. There are several different types of venue in Texas, including mandatory and permissive. *See Unauthorized Practice of Law Comm. v. Nationwide Mut. Ins. Co.*, 155 S.W.3d 590, 596 (Tex. App.—San Antonio 2004, pet. filed); *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 677 (Tex. App.—Austin 2003, no pet.). In this case, we are only concerned with permissive venue because no mandatory provision applies.

We first note that the Texas venue statute was amended in 1995 and adopted language that is nearly identical to that in the federal counterpart. *Chiriboga*, 96 S.W.3d at 682; *see* 28 U.S.C.A. § 1391(a)(2), (b)(2) (West Supp. 2005).[6] "When the legislature adopts a statute with wording substantially similar to a federal statute, we presume that, absent some indication to the

---

[6] Section 1391 reads, in relevant part, as follows:

    (a) A civil action . . . may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .

    (b) A civil action . . . may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .

28 U.S.C.A. § 1391(a), (b) (West Supp. 2005).

contrary, the legislature was aware of the federal courts' construction of the federal statute and intended to adopt it."[7] *Chiriboga*, 96 S.W.3d at 682.

Section 15.002 of the civil practice and remedies code provides the general venue rule and lists possible venues in which lawsuits may be brought. Tex. Civ. Prac. & Rem. Code § 15.002(a). Subsection (a) reads, in relevant part, as follows:

(a) Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits shall be brought:

    (1) in the county in which *all or a substantial part* of the events or omissions giving rise to the claim occurred; [or]

    . . .

    (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person . . . .

*Id.* § 15.002(a) (emphasis added).

Because this case involves multiple plaintiffs, section 15.003 of the civil practice and remedies code also applies. Subsection (a) provides that each plaintiff must individually establish venue. *Id.* § 15.003(a) (West Supp. 2005); *In re Masonite*, 997 S.W.2d 194, 197 (Tex. 1999).[8] If

---

[7] Both Siemens and the appellees rely heavily on federal authority to support their contentions. When it is relevant, we discuss the applicability of these cases in footnotes throughout the opinion.

[8] Subsection (a) reads, in relevant part, as follows:

In a suit in which there is more than one plaintiff, whether the plaintiffs are included by joinder, by intervention, because the lawsuit was begun by more than one plaintiff, or otherwise, each plaintiff must, independently of every other plaintiff, establish proper venue.

a plaintiff is unable to establish proper venue, the plaintiff's portion of the suit must be transferred to a county of proper venue or dismissed unless the plaintiff demonstrates the existence of four elements not at issue in this case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a) (listing elements necessary to avoid transfer or dismissal); *In re Masonite*, 997 S.W.2d at 197. A party may file an interlocutory appeal of a trial court's determination that "a plaintiff did or did not independently establish proper venue." Tex. Civ. Prac. & Rem. Code Ann. § 15.003(b) (West Supp. 2005).

In general, plaintiffs are allowed to choose venue first, and the plaintiff's choice of venue cannot be disturbed as long as the suit is initially filed in a county of proper venue. *KW Constr. v. Stephens & Sons Concrete Contrs., Inc.,* 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied); *Nationwide Mut. Ins. Co.*, 155 S.W.3d at 596; *Chiriboga*, 96 S.W.3d at 677. If a defendant objects to the plaintiff's venue choice, the plaintiff must present prima facie proof that venue is maintainable in the county of suit. Tex. R. Civ. P. 86; *Chiriboga*, 96 S.W.3d at 678. However, the plaintiff's prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof. *Chiriboga*, 96 S.W.3d at 678. If the plaintiff fails to establish that venue is proper, the trial court must transfer venue to the county specified in the defendant's motion to transfer as long as the county requested is a county of proper venue. *In re Masonite*, 997 S.W.2d at 197; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 15.063 (West 2002) (court shall transfer action to another county of proper venue if county in which action pending is not proper county). The

---

Tex. Civ. Prac. & Rem. Code Ann. § 15.003(a) (West 2005).

defendant must provide prima facie evidence that the requested county is proper. *KW Constr.,* 165 S.W.3d at 879; *In re Masonite*, 997 S.W.2d at 197.

In ruling on a motion to transfer venue, the trial court must make its decision based on the pleadings and affidavits filed by the parties and must assume the pleadings are true. Tex. R. Civ. P. 87; *KW Constr.,* 165 S.W.3d at 879. It is improper for a court to transfer the case out of a county of permissive venue selected by the plaintiff if the defendant seeks to transfer venue to another county of permissive venue. *Chiriboga*, 96 S.W.3d at 677.

When a party files an interlocutory appeal contesting a venue determination, an appellate court must "determine whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c) (West Supp. 2005). Appellate courts do not review the sufficiency of the evidence supporting a plaintiff's choice of venue. *Chiriboga*, 96 S.W.3d at 677. If there is any probative evidence supporting venue in the county of suit, a transfer should be denied even if the evidence preponderates to the contrary. *KW Constr.,* 165 S.W.3d at 879; *Chiriboga*, 96 S.W.3d at 678.

In this appeal, we are faced with determining whether there is any probative evidence to support the district court's implied ruling that "all or a substantial part of" the events giving rise to this lawsuit occurred in Travis County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

Prior to 1995, the general venue law provided, in relevant part, that venue is proper "in the county in which all or part of the cause of action accrued." *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 15.001, 1985 Tex. Gen. Laws 3242, 3247, *amended by* Act of May 18,

9

1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978, 978. The legislature's intent in requiring that a "substantial part" of the events occur in the venue chosen was to curtail forum-shopping and to narrow the number of counties in which venue may be maintained to those with a substantial connection to the lawsuit. *Chiriboga*, 96 S.W.3d at 681. The "substantial part" requirement demands more than a single fact connected to the lawsuit. *Cf. id.* However, venue may be proper in more than one county because a substantial part of the events leading up to the cause of action may occur in more than one county. *See Nationwide Mut. Ins. Co.*, 155 S.W.3d at 597; *Chiriboga*, 96 S.W.3d at 678; *see also Frost Nat'l Bank v. L&F Distrib., Ltd.*, 122 S.W.3d 922, 927-28 (Tex. App.—Corpus Christi 2003, no pet.). In reviewing venue challenges, courts must determine whether a substantial part of the events occurred in the chosen venue but do not decide whether the venue chosen was the "best" venue. *See Nationwide Mut. Ins. Co.*, 155 S.W.3d at 597; *Chiriboga*, 96 S.W.3d at 681.

**Venue is Proper in Travis County**

In one issue on appeal, Siemens contends that the trial court erred in denying its motion to transfer venue. Specifically, Siemens contends that appellees cannot demonstrate that venue is proper in Travis County.[9] Further, it asserts that all of its allegedly improper acts, which

---

[9] Siemens insists that, when making the venue determination, this Court should only consider its conduct because the actions of defendants, not plaintiffs, are the relevant venue facts. In support of this assertion, Siemens cites to several federal cases. *See, e.g.*, *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 460 (S.D. Tex. 1996). Siemens also cites to *Chiriboga v. State Farm Mutual Automobile Insurance Co.*, 96 S.W.3d 673, 681 (Tex. App.—Austin 2003, no pet.). However, in *Chiriboga* this Court discussed both the actions of the plaintiffs and the defendants in making its venue determination. 96 S.W.3d at 679-81.

are the basis of appellees claims, occurred in Dallas County,[10] not Travis County. Siemens insists that the following events are the relevant venue contacts and that these events occurred in Dallas County, not Travis County: (1) the adoption of the discretionary retention plan contract by Efficient's Board of Directors; (2) the administration of the discretionary retention plan; (3) the alleged misrepresentations giving rise to appellees' fraud claims; (4) the alleged actions giving rise to appellees' contract and tort claims;[11] (5) appellees returning the signed, discretionary retention-plan

---

[10] Siemens contends that it is necessary to examine this suit's connection to Dallas to determine whether the events appellees allege as a basis for venue in Travis County constitute a substantial part of the events giving rise to the lawsuit. To the extent that Siemens' contention implies that courts are to engage in a weighing of venues to determine which one is proper, we disagree. *See Chiriboga*, 96 S.W.3d at 681. However, to the extent that the contention implies that all events giving rise to the claim may be analyzed to determine if the events alleged support venue in the chosen location, we agree. *Cf. id.* at 680-82.

[11] Siemens insists that the only element of a breach of contract claim that is relevant for venue purposes in this case is the alleged non-payment of the bonuses, which it contends occurred in Dallas County, not Travis County. In support of this contention, it refers to two federal breach-of-contract cases in which the courts concluded venue was improper in the districts chosen, even though the parties had negotiated part of the contracts in question in these districts, and concluded venue was proper in the districts from which the breaching parties had failed to make payment. *See American Motorists Ins. Co. v. Roller Bearing Co.*, 2001 U.S. Dist. LEXIS 1623, at *17-18 (S.D.N.Y., Feb. 21, 2001); *I.M.D. USA, Inc. v. Shalit*, 92 F. Supp. 2d 315, 317-18 (S.D.N.Y. 2000).

However, neither of these cases prohibits the consideration of the locus of other elements of a breach of contract claim when determining whether a substantial part of the events giving rise to the claim occurred in a particular venue.

contracts to Efficient's headquarters;[12] and (6) the calculation of and disbursement of the discretionary retention plan payments.

Siemens insists that the venue contacts alleged by appellees, particularly the fact that appellees worked in Travis County, are of the appellees' own making and should not be used to secure venue in Travis County. Specifically, Siemens contends that the appellees asked to work in Travis County and that Siemens merely accommodated that preference.

Siemens further argues that the appellees' suit is the result of forum shopping and, therefore, violates the purpose of the amendment to the venue statute. *Cf. Chiriboga*, 96 S.W.3d at 681. Specifically, Siemens alleges that, after it filed a motion to transfer venue, appellees attempted to avoid a transfer by dropping 43 plaintiffs who did not work in Travis County from the present case and having them file suit in another county. Further, it contends that the appellees' motivation for remaining in Austin is to avoid similar rulings that have been issued in related proceedings in Dallas County against former employees of Siemens and that the claims filed by appellees are nearly identical to the claims filed by the employees in the Dallas case.

Finally, Siemens characterizes the venue contacts alleged by the appellees as similar to the venue contacts this Court found to be insufficient in *Chiriboga*. *See generally* 96 S.W.3d 673.

---

[12] Siemens also asserts that the "contracts" signed by the appellees preclude reliance on the statements made by various executives regarding the retention programs. *See DRC Parts & Accessories, LLC v. WM Motori SPA*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (reliance upon oral representation that is directly contradicted by unambiguous terms of written contract is not justified as matter of law). However, in this interlocutory appeal, we do not consider the merits of the arguments, only whether sufficient facts were pled indicating that venue is proper in Travis County. Further, we note, that the "contracts" were not signed until after appellees had been working for Siemens for some time and after appellees allege various statements were made by Siemens executives regarding the retention programs.

In *Chiriboga*, we concluded that the selling of an insurance policy in Milam County 14 years earlier and the removal of coverage by a State Farm agent in Milam County over the telephone could not fairly be characterized as a "substantial part" of a dispute regarding an insurer's liability for an automobile collision that occurred in Hidalgo County. *Id.* at 679-83. Hidalgo County was also the primary area of coverage for the policy, where the renewal policy was issued, and where the original lawsuit against Chiriboga by an injured party was filed. *Id.*[13]

In making a determination of whether a substantial part of the events giving rise to the claim occurred in the venue chosen, the court must examine the essential elements of the claim. *See id.* at 680. Through their petition, appellees allege that, among other things, Siemens breached the retention program and that Siemens fraudulently misrepresented that it would pay bonuses to its employees to induce them to continue working for the company. The elements of a breach of

---

[13] In support of its argument that venue is not proper in Travis County, Siemens cites to *Leroy v. Great W. United Corp.*, 443 U.S. 173 (1979). Great Western, which had its principal office in Texas, desired to purchase stock in an Idaho company but was told by administrators from Idaho that it had not satisfied all the requirements of an Idaho statute. *Id.* at 175-76. Great Western filed suit in Texas against the Idaho officials. *Id.* at 177. The Supreme Court concluded that venue was proper in Idaho, not Texas, even though Great Western had made its offer to purchase in Texas, because: the statute was enacted in Idaho, the review of Great Western's application occurred in Idaho, the letter from the administrator was mailed from Idaho, the bulk of the evidence and witnesses were in Idaho, and Idaho federal judges were more qualified to construe Idaho law than Texas judges were. *Id.* at 185-86.

However, this case was decided under the previous federal venue law, which did not contain the "substantial part" language and under which courts would have to weigh venue contacts to determine which venue was proper if events leading up to the cause of action occurred in more than one location. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (Congress amended statute because, under former statute, courts would weigh contacts in various venues to determine which venue was appropriate, which "led to wasteful litigation"). Under the current Texas statute, venue is proper in one or more counties in which a substantial part of the events occurred. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a) (West 2002).

contract claim are as follows: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages to the plaintiff as a result of the breach. *Frazin v. Hanley*, 130 S.W.3d 373, 376 (Tex. App.—Dallas 2004, no pet.). In a breach of contract claim, the cause of action accrues in any county in which the contract was formed, performed, or breached. *Southern County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 459 (Tex. App.—Corpus Christi 2000, no pet.).

The elements of a claim for fraud are as follows: a material misrepresentation was made, which (1) was false, (2) was either known to be false when made or was asserted without knowledge of its truth, (3) was intended to be acted upon, (4) was relied upon, and (5) caused injury. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). These same elements must be established in a fraudulent inducement claim. *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001).

Appellees contend that, unlike the "tangential contacts" asserted to support venue in *Chiriboga*, the bases for venue they assert have a much more direct relationship to the claim and, thus, constitute a substantial part of the events leading up the claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1). Specifically, they allege they filed suit in a proper venue because they worked for Efficient and then Siemens in Travis County and because they received representations regarding the retention bonuses in Travis County by email, letter, and telephone. They also contend that they signed their individualized letters, under which they agreed to be bound by the terms of the retention programs, in Travis County. They further allege that the retention programs were partially performed in Travis County because appellees were paid bonuses in 2002 and 2003 in Travis County

14

and that they performed under the terms of the retention programs by continuing to work for Siemens in Travis County. *See* Tex. Lab. Code Ann. § 61.017 (West 2006) (listing methods for paying employees including paying employee at employee's regular place of employment). Appellees also assert that they relied on representations regarding the retention programs, which were designed to encourage employees to continue working, and, as a result, continued to work for Siemens in Travis County in order to qualify for the retention bonuses.[14]

We agree that the events alleged to have occurred in Travis County constitute a substantial part of the events giving rise to the lawsuit for several reasons. First, two recent Texas cases support appellees' arguments. *See KW Constr.,* 165 S.W.3d 874; *Ochoa*, 19 S.W.3d 452. In both cases, the courts determined that, even though many of the events giving rise to the claims occurred in counties other than where the suits were filed, the venues chosen by the plaintiffs were proper. In *KW Construction*, a breach of contract case, the court concluded that, although all of the construction work at issue was performed in Rains County and although KW Construction's office

---

[14] In support of their contention that the events occurring in Travis County constitute a substantial part of the events giving rise to their breach of contract claim, appellees also cite to *Walsh v. Alarm Security Group, Inc.*, 157 F. Supp.2 d 501 (E.D. Pa. 2001). Walsh, a resident of California, received an unsolicited inquiry concerning a job in Pennsylvania from Alarm Security Group, Inc., whose home office was in Illinois. In response to the inquiry, Walsh met with some corporate executives in Illinois and subsequently was offered a job in Pennsylvania. After Walsh moved to Pennsylvania, the company informed him that it would not be honoring the terms of the job offer. Walsh sued the company in Pennsylvania, and the court concluded Pennsylvania was a proper venue because the events giving rise to all of Walsh's claims occurred in Pennsylvania, namely the breach of the contract and the failure to pay. *Id.* at 509. The court also concluded that venue was proper in Pennsylvania because the company was deemed a resident of Pennsylvania because the company had sufficient minimum contacts in Pennsylvania to be subject to personal jurisdiction. *Id.* Appellees contend that, like in *Walsh*, the breach occurred in Travis County because that is where Siemens failed to pay them the bonuses.

was located in Rains County, venue was proper in Lamar County. 165 S.W.3d at 883. The court concluded venue was proper in Lamar County because payment for the project was mailed to Stephens' office in Lamar County and because an employee of KW Construction telephoned Stephens in Lamar County on two occasions: once to inquire if Stephens was interested in a construction project and later to come to an agreement regarding the work to be done. *Id.* The court concluded that these actions provided enough probative evidence to support the conclusion that "all or a substantial part of" the events giving rise to the lawsuit occurred in Lamar County. *Id.* at 882.

In *Ochoa*, the court concluded that venue was proper in Hidalgo County despite the fact that the automobile collision and the issuance of the insurance policy occurred in Williamson County. *See generally Ochoa*, 19 S.W.3d 452. After being involved in a collision, the Ochoa family filed suit against Bleeker and obtained a judgment against him in Hidalgo County. *Id.* at 456. After obtaining the judgment, the Ochoas filed suit in Hidalgo County against the reinsurer for the insurance policy Bleeker had purchased. *Id.* Trinity, the reinsurer, moved to transfer the case to Williamson County. *Id.* at 457. The trial court denied the motion to transfer venue and concluded that, because Trinity's obligation to pay the claim was contingent upon liability being established against Bleeker, Hidalgo county was a proper venue. *Id.* at 460. The court also stated that the judgment against Bleeker in Hidalgo was a substantial part of the events giving rise to the Ochoas' action against Trinity. *Id.* at 461.

Second, in making venue determinations, Texas courts have stated that the receipt of telephone calls and letters in a particular county weighs in favor of a finding that venue is appropriate

16

in that county.[15] *See Massey v. Columbus State Bank*, 35 S.W.3d 697, 700 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (although court ruled that venue issue was waived, it noted venue was proper because case filed in county in which all or substantial part of events giving rise to lawsuit occurred, including bank's receipt of harassing phone calls and letters from Massey); *Colonial County Mut. Ins. Co. v. Valdez*, 30 S.W.3d 514, 527 (Tex. App.—Corpus Christi 2000, no pet.) (court concluded venue proper in Cameron County because (1) Colonial mailed letters to Valdez in Cameron County concerning claim and Valdez's responses were mailed from Cameron County; (2) Valdez purchased policy in Cameron County; (3) alleged misrepresentations were made in Cameron County; (4) car was stolen in Cameron County; (5) claim was made in Cameron County; and (6) agent was sent to Cameron County to investigate).[16]

---

[15] Siemens asserts that the letters it sent to the appellees cannot support venue in Travis County. In support of this argument, it cites to *Bigham v. Envirocare of Utah*, 123 F. Supp. 2d 1046 (S.D. Tex. 2000). In *Bigham*, plaintiffs alleged that the following events happened in Houston: (1) the defendants sent several letters to people in Houston and (2) defendants approached people in Houston and related incorrect information regarding Bigham. *Bigham*, 123 F. Supp. 2d at 1048. The court noted that, in general, letters mailed are considered a venue contact in the district the letter was drafted in, not the district the letter was mailed to. *Id.* at 1049 n.2. However, unlike the present case, the letters sent by the defendants were not sent to the plaintiffs, and no contracts were mailed from one venue, signed in another, and then returned to the original venue. Finally, although the case was transferred for convenience, the court concluded that venue was proper in south Texas under the federal general venue statute despite the fact that the "overwhelming majority" of the allegedly wrongful actions occurred outside south Texas. *Id.* at 1049.

[16] *See also*, *Sacody Techs, Inc. v. Avant, Inc.*, 862 F. Supp. 1152, 1157 (S.D.N.Y. 1994) (federal venue statute "may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action"; court also noted that, even though both defendants either resided in or had its principal place of business in Massachusetts, venue was proper in New York where plaintiff's office was located because some of dealings between parties took place over phone and by written correspondence transmitted between two venues and because agreement in question was transmitted to and from Sacody's office in New York).

17

For all the reasons described previously, we hold that the facts alleged constitute probative evidence that venue was proper in Travis County. The evidence presented indicates that many of the elements of appellees' claims have a direct relationship with Travis County. Given the contacts alleged, we do not believe that this determination thwarts the legislature's intent to prevent forum shopping. Accordingly, we conclude that the trial court correctly determined that a substantial part of the events giving rise to the claim occurred in Travis County. We further conclude that, even if the appellees' contacts with Travis County are the result of decisions made for the convenience of appellees, the decision to accommodate appellees does not diminish the fact that a substantial part of the alleged events giving rise to the lawsuit occurred in Travis County. Therefore, we overrule Siemens' issue on appeal.[17]

## CONCLUSION

Having overruled Siemens sole issue on appeal, we affirm the order of the trial court.

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: April 28, 2006

---

[17] Because we have concluded that venue is proper in Travis County, we need not address Siemens' arguments that venue is proper in Dallas County.

18